My Account | Sign Out | Help

HOME | TRACKING INBOX

Tracking Inbox » Request

# FOIA-2022-01709

**Requester:** Leopold, Jason

Status: In Progress

**Request**

## Request Information

| | | | |
|---|---|---|---|
| Request Type | Request | Agency | OIP |
| Request Date | 08/10/2022 | Document Delivery Method | Email |

## Requester Information

| | | | |
|---|---|---|---|
| Salutation | Mr. | Address Type | Home |
| First Name | Jason | Country | United States |
| Middle Name | | Address Line 1 | 1669 Benedict Ca |
| Last Name | Leopold | Address Line 2 | |
| Email Address | jasonleopold@gmail.com | City | Beverly Hills |
| Organization | Bloomberg News | State | California |
| Register Number | | Zip/Postal Code | 90210 |
| Phone Number | 2132704334 | | |
| Fax Number | | | |
| Other Information | | | |

## Description of Request

**Exhibit 1**

| Description | I request disclosure from the Department of Justice Office of the Attorney General, Deputy Attorney General and Office of Legislative Affairs, the following records: |
|---|---|
| | 1. All letters sent to these offices by members of Congress or Congressional Committees mentioning or referring to the Presidential Records Act; the removal of presidential records from the Trump White House by Donald Trump and/or his associates; the National Archives; Mar-a-Lago; Presidential Records and classified information. |
| | 2. Any responses to these letters sent to lawmakers or congressional committees by the Department of Justice. |
| | 2. Any questions for the record sent to these offices by DOJ containing the descriptions in part one of this request and responses the Department sent to these lawmakers or congressional committees. |
| | The timeframe for this request is Jan. 1, 2022 through the date the search for responsive records is conducted. |
| | Reasonably Foreseeable Harm.  The FOIA Improvement Act of 2016 amended the FOIA as follows (5 USC 552(a)(8)): |
| | (A) An agency shall-- |
| | (i) withhold information under this section only if-- |
| | (I) the agency reasonably foresees that disclosure would harm an interest protected by an exemption described in subsection (b); or |
| | (II) disclosure is prohibited by law; and |
| | (ii) (I) consider whether partial disclosure of information is possible whenever the agency determines that a full disclosure of a requested record is not possible; and |
| | (II) take reasonable steps necessary to segregate and release nonexempt information. . . . |
| | DOJ should not fail to meet the requirements of Section 552(a)(8) when processing my request and release responsive records to me in full or at least in part. |

File Type 1
File 1
File Type 2
File 2
File Type 3
File 3

## Expedited Processing Information

| Expedited Processing Requested? | Yes | | Expedited Justification | Recently, news rep... search warrant an... documents that we... |
|---|---|---|---|---|
| Expedited Processing Request Date | 08/10/2022 | | | President Donald... noted, this was an... president. For the... |
| Standards for Expedition | 2. An urgency to inform  he public about an actual or alleged Federal Government activity, if made by a person who is primarily engaged in disseminating information.<br>4. A matter of widespread and exceptional media interest in which there exist possible questions about  he government's integrity that affect public confidence. | | | surrounding the re... president in viola t... escalated to the pe... records is a matte... they communicate... throughout the yea... the public about ac... events. |

## Fee Information

| Will Pay Up To | $25 |
|---|---|
| Fee Category | Representative of the news media |
| Fee Waiver Requested? | Yes |

Fee Waiver Justification

am the senior inve
senior investigativ
Additionally, my re
Street Journal, Th
Angeles Times, Th
America.

I request a comple
request for a waive
of the news media

Under 5 U.S.C. §5
any charge ... if dis
because it is likely
the opera ions or a
commercial interes
statutory criteria, a
activities of he go
commercial reque
analyze and freely

If I am not granted
member of the nev
reasonable duplica
request.

I will appeal any d
the courts if neces

August 10, 2022

FILED VIA DOJ FOIA PORTAL

I request disclosure from the Department of Justice Office of the Attorney General, Deputy Attorney General and Office of Legislative Affairs, the following records:

1. All letters sent to these offices by members of Congress or Congressional Committees mentioning or referring to the Presidential Records Act; the removal of presidential records from the Trump White House by Donald Trump and/or his associates; the National Archives; Mar-a-Lago; Presidential Records and classified information.

2. Any responses to these letters sent to lawmakers or congressional committees by the Department of Justice.

2. Any questions for the record sent to these offices by DOJ containing the descriptions in part one of this request and responses the Department sent to these lawmakers or congressional committees.

The timeframe for this request is Jan. 1, 2022 through the date the search for responsive records is conducted.

Reasonably Foreseeable Harm.  The FOIA Improvement Act of 2016 amended the FOIA as follows (5 USC 552(a)(8)):

(A) An agency shall--

(i) withhold information under this section only if--

(I) the agency reasonably foresees that disclosure would harm an interest protected by an exemption described in subsection (b); or

(II) disclosure is prohibited by law; and

(ii) (I) consider whether partial disclosure of information is possible whenever the agency determines that a full disclosure of a requested record is not possible; and

(II) take reasonable steps necessary to segregate and release nonexempt information. . . .

DOJ should not fail to meet the requirements of Section 552(a)(8) when processing my request and release responsive records to me in full or at least in part.

EXPEDITED PROCESSING

Recently, news reports were published that said the FBI obtained a search warrant and conducted a search of Mar a Lago and removed documents that were said to be presidential records that former President Donald Trump illegally stored there. As the news reports noted, this was an unprecedented move taken against a former president. For the past year, there has been much discussion surrounding the removal of Trump presidential records by the former president in violation of the Presidential Records Act. That this allegedly escalated to the point where the FBI has now seized boxes of those records is a matter of widespread public interest. Lawmakers have said they communicated their concerns to the Department of Justice throughout the year. The records I seek are urgently needed to inform the public about actually government activity revolving around these events.

FEE WAIVER

I am the senior investigative reporter for Bloomberg News and formerly senior investigative reporter for BuzzFeed News and  VICE News. Additionally, my reporting has been published in The Guardian, The Wall Street Journal, The Financial Times, Salon, CBS Marketwatch, The Los Angeles Times, The Nation, Truthout, Al Jazeera English and Al Jazeera America.

I request a complete waiver of all search and duplication fees. If my request for a waiver is denied, I request that I be considered a member of the news media for fee purposes.

Under 5 U.S.C. §552(a)(4)(A)(iii), "Documents shall be furnished without any charge ... if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." Disclosure in this case meets the statutory criteria, as the records sought to detail the operations and activities of the government. This request is also not primarily in my commercial request, as I am seeking the records as a journalist to analyze and freely release to members of the public.

If I am not granted a complete fee waiver, I request to be considered a member of the news media for fee purposes. I am willing to pay all reasonable duplication expenses incurred in processing this FOIA request.

I will appeal any denial of my request for a waiver administratively and to the courts if necessary.



**U.S. Department of Justice**

Office of Information Policy

*Sixth Floor*
*441 G Street, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

August 22, 2022

Jason Leopold
Bloomberg News
1669 Benedict Canyon Drive
Beverly Hills, CA  90210                    Re:    FOIA-2020-01709
jasonleopold@gmail.com                              DRH:MSH

Dear Jason Leopold:

     This is to acknowledge receipt of your Freedom of Information Act (FOIA) request dated and received in this Office on August 10, 2022, in which you requested communications between the Office of the Attorney General, Office of the Deputy Attorney General, and Office of Legislative Affairs and Congress mentioning various terms related to the removal of presidential records from the White House by former President Donald Trump since January 1, 2022.

     You have requested expedited processing of your request pursuant to the Department's standard involving "[a] matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence." See 28 C.F.R. § 16.5(e)(1)(iv) (2018).  Pursuant to Department policy, we directed your request to the Director of Public Affairs, who makes the decision whether to grant or deny expedited processing under this standard. See id. § 16.5(e)(2).  The Director has determined that your request for expedited processing should be granted. Accordingly, your request has been assigned to an analyst in this Office and our processing of it has been initiated.

     Although your request has been granted expedited processing, we are required to advise you that the records you seek require a search in and/or consultation with another Office, and so your request falls within "unusual circumstances." See 5 U.S.C. 552 § (a)(6)(B)(i)-(iii) (2018).  Accordingly, we have not yet completed a search to determine whether there are records within the scope of your request.  The time needed to process your request will necessarily depend on the complexity of our records search and on the volume and complexity of any records located.  Any decision with regard to the application of fees will be made only after we determine whether fees will be implicated for this request.  Your request has been assigned to the expedited track and will be processed as soon as practicable.

     If you have any questions or wish to discuss reformulation or an alternative time frame for the processing of your request, you may contact the analyst handing your request, Georgianna Gilbeaux, by telephone at the above number or you may write to them at the above address.  You may contact our FOIA Public Liaison, Valeree Villanueva, for any further

# Exhibit 2

-2-

assistance and to discuss any aspect of your request at: Office of Information Policy, United States Department of Justice, Sixth Floor, 441 G Street, NW, Washington, DC 20530-0001; telephone at 202-514-3642, or by e-mail at: doj.oip.foia@usdoj.gov.

Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer.  The contact information for OGIS is as follows:  Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, MD 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

If you are not satisfied with my response to this request for expedited processing, you may administratively appeal by writing to the Director, Office of Information Policy, United States Department of Justice, Sixth Floor, 441 G Street, NW, Washington, DC 20530-0001, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal.  Your appeal must be postmarked or electronically submitted within ninety days of the date of my response to your request.  If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

Sincerely,

Douglas R. Hibbard
Chief, Initial Request Staff

August 17, 2022
FILED VIA DOJ FOIA Portal
The Attorney General Public Affairs
The Deputy Attorney GeneralLegal Policy
The Associate Attorney General
Information Policy
Legislative Affairs

I request disclosure from the Department of Justice the following records:

1. A copy of the "standing order" that former President Trump received while he was still president that authorized him to take sensitive or classified records from the Oval Office to his residence. To be clear, once these sensitive or classified records were removed from the Oval Office the records were deemed to be declassified.

In a statement issued to the website Just The News on Friday, August 12, the Office of Donald Trump said:

"He had a standing order that documents removed from the Oval Office and taken into the residence were deemed to be declassified," the statement added. "The power to classify and declassify documents rests solely with the President of the United States. The idea that some paper-pushing bureaucrat, with classification authority delegated BY THE PRESIDENT, needs to approve of declassification is absurd." https://justthenews.com/politics-policy/all-things-trump/breaking-trump-describes-process-how-he-declassified-documents

The context for this statement is that the presidential records retrieved from Mar-A-Lago by FBI this week was already declassified. As the custodian of former President Trump's presidential records, NARA would be aware of this "standing order" and would also have a copy of this record.

EXPEDITED PROCESSING

The circumstances surrounding the FBI search of the former president's Mar-A-Lago residence this week is unprecedented in our nation's modern history. The unsealing of the search warrant and property records receipt documenting what the FBI removed makes it clear and states explicitly that some of the records were classified top secret/sensitive compartmented information. The unsealing also makes clear that federal prosecutors are exploring possible violations of the federal Espionage Act among other allegations. These historic disclosures have dominated the news. Now, former President Trump has said he had the right to possess these records and they were in fact already declassified. If such a standing order exists it stands to reason that DOJ would be aware of it and would have a copy of it. There is a clear overwhelming public interest in this matter and now with this statement issued it is crucial that if any standing order exists that it be released as soon as possible so I can inform the public about what the document says.

**Exhibit 3**

As senior investigative reporter at Bloomberg News, I am a full-time member of the news media. I therefore qualify as a person primarily engaged in disseminating information. The very purpose of the FOIA is to lessen the public's dependency on official government statements and open the underlying documents to public scrutiny. This is clearly an instance in which expedited processing of a FOIA request is warranted. These records are not being requested for commercial purposes. I intend to use these records to write news stories and inform the public.

I certify the foregoing to be true and correct to the best of my knowledge and belief.
_/s/_____JL_____ Jason Leopold


Reasonably Foreseeable Harm. The FOIA Improvement Act of 2016 amended the FOIA as follows (5 USC 552(a)(8)):

(A) An agency shall--

(i) withhold information under this section only if--

(I) the agency reasonably foresees that disclosure would harm an interest protected by an exemption described in subsection (b); or

(II) disclosure is prohibited by law; and

(ii) (I) consider whether partial disclosure of information is possible whenever the agency determines that a full disclosure of a requested record is not possible; and

(II) take reasonable steps necessary to segregate and release nonexempt information. . . .

DOJ should not fail to comply with this mandatory part of the FOIA as recently amended by Congress. The Agency is required to identify what reasonably foreseeable harm would flow from release of the information withheld, nor did it consider a partial disclosure of the information, taking reasonable steps to segregate and release nonexempt information.


INSTRUCTIONS REGARDING SEARCH


1. Instructions Regarding "Leads":

As required by the relevant case law, the DOJ should follow any leads it discovers during the conduct of its searches and perform additional searches when said leads indicate that records

may be located in another system. Failure to follow clear leads is a violation of FOIA.

2. Request for Public Records:

Please search for any records even if they are already publicly available.

3. Request for Electronic and Paper/Manual Searches:

I request that searches of all electronic and paper/manual indices, filing systems, and locations for any and all records relating or referring to the subject of my request be conducted.

4. Request for Search of Filing Systems, Indices, and Locations:

I request that the DOJ search all of its offices and components, which are likely to contain responsive records.

5. Request regarding Photographs and other Visual Materials:

I request that any photographs or other visual materials responsive to my request be released to me in their original or comparable forms, quality, and resolution. For example, if a photograph was taken digitally, or if the DOJ maintains a photograph digitally, I request disclosure of the original digital image file, not a reduced resolution version of that image file nor a printout and scan of that image file. Likewise, if a photograph was originally taken as a color photograph, I request disclosure of that photograph as a color image, not a black and white image. Please contact me for any clarification on this point.

6. Request for Duplicate Pages:

I request disclosure of any and all supposedly "duplicate" pages. Scholars analyze records not only for the information available on any given page, but also for the relationships between that information and information on pages surrounding it. As such, though certain pages may have been previously released to me, the existence of those pages within new context renders them functionally new pages. As such, the only way to properly analyze released information is to analyze that information within its proper context. Therefore, I request disclosure of all "duplicate" pages.

7. Request to Search Emails:

Please search for emails relating to the subject matter of my request.

8. Request for Search of Records Transferred to Other Agencies:

I request that in conducting its search, the DOJ disclose releasable records even if they are available publicly through other sources outside the DOJ, such as NARA.

9. Regarding Destroyed Records

If any records responsive or potentially responsive to my request have been destroyed, my request includes, but is not limited to, any and all records relating or referring to the destruction of those records. This includes, but is not limited to, any and all records relating or referring to the events leading to the destruction of those records.

INSTRUCTIONS REGARDING SCOPE AND BREADTH OF REQUESTS

Please interpret the scope of this request broadly. The DOJ is instructed to interpret the scope of this request in the most liberal manner possible short of an interpretation that would lead to a conclusion that the request does not reasonably describe the records sought.



**U.S. Department of Justice**

Office of Information Policy

*Sixth Floor*
*441 G Street, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

August 30, 2022

Jason Leopold
BuzzFeed News
1669 Benedict Canyon Drive
Beverly Hills, CA  90210          Re:   FOIA-2022-01765
jasonleopold@gmail.com                  DRH:GMG

Dear Jason Leopold:

This is to acknowledge receipt of your Freedom of Information Act (FOIA) request
dated and received in this Office on August 17, 2022, in which you requested a copy of the
"standing order" of former President Donald Trump automatically declassifying any classified
material removed by him from the Oval Office.

You have requested expedited processing of your request pursuant to the Department's
standard involving "[a] matter of widespread and exceptional media interest in which there
exist possible questions about the government's integrity which affect public confidence." See
28 C.F.R. § 16.5(e)(1)(iv) (2018).  Pursuant to Department policy, we directed your request to
the Director of Public Affairs, who makes the decision whether to grant or deny expedited
processing under this standard. See id. § 16.5(e)(2).  The Director has determined that your
request for expedited processing should be granted.  Accordingly, your request has been
assigned to an analyst in this Office and our processing of it has been initiated.

Although your request has been granted expedited processing, we are required to advise
you that the records you seek require a search in and/or consultation with another Office, and
so your request falls within "unusual circumstances." See 5 U.S.C. 552 § (a)(6)(B)(i)-(iii)
(2018). Accordingly, we have not yet completed a search to determine whether there are
records within the scope of your request. The time needed to process your request will
necessarily depend on the complexity of our records search and on the volume and complexity
of any records located. Any decision with regard to the application of fees will be made only
after we determine whether fees will be implicated for this request. Your request has been
assigned to the expedited track and will be processed as soon as practicable.

If you have any questions or wish to discuss reformulation or an alternative time frame
for the processing of your request, you may contact the analyst handing your request,
Georgianna Gilbeaux, by telephone at the above number or you may write to them at the above
address.  You may contact our FOIA Public Liaison, Valeree Villanueva, for any further
assistance and to discuss any aspect of your request at: Office of Information Policy, United

**Exhibit 4**

States Department of Justice, Sixth Floor, 441 G Street, NW, Washington, DC 20530-0001; telephone at 202-514-3642, or by e-mail at: doj.oip.foia@usdoj.gov.

Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer.  The contact information for OGIS is as follows:  Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, MD 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

If you are not satisfied with my response to this request for expedited processing, you may administratively appeal by writing to the Director, Office of Information Policy, United States Department of Justice, Sixth Floor, 441 G Street, NW, Washington, DC 20530-0001, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal.  Your appeal must be postmarked or electronically submitted within ninety days of the date of my response to your request.  If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

Sincerely,

Douglas R. Hibbard
Chief, Initial Request Staff

## DOJ NSD standing order MAL

From: **Jason Leopold** <jasonleopold@gmail.com>
Date: Fri, Aug 19, 2022 at 2:42 PM
Subject: Request for records under the Freedom of Information Act
To: Mallory, Arnetta (NSD) <Arnetta.Mallory@usdoj.gov>, NSDFOIA (NSD) <NSDFOIA@usdoj.gov>

This is a request for records under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 and the Privacy Act, 5 U.S.C. § 552a. This request should be considered under both statutes to maximize the release of records. This request seeks expedited processing.

REQUESTER INFORMATION

Name: Jason Leopold

Position: Investigative Reporter

Address: 1669 Benedict Canyon Dr., Beverly Hills, CA 90210

Email: jasonleopold@gmail.com

I request disclosure from the Department of Justice the following records:

1. A copy of the "standing order" that former President Trump had while he was still president that authorized him to take sensitive or classified records from the Oval Office to his residence. To be clear, once these sensitive or classified records were removed from the Oval Office the records were deemed to be declassified.

In a statement issued to the website Just The News on Friday, August 12, the Office of Donald Trump said:

"He had a standing order that documents removed from the Oval Office and taken into the residence were deemed to be declassified," the statement added. "The power to classify and declassify documents rests solely with the President of the United States. The idea that some paper-pushing bureaucrat, with classification authority delegated BY THE PRESIDENT, needs to approve of declassification is absurd." https://justthenews.com/politics-policy/all-things-trump/breaking-trump-describes-process-how-he-declassified-documents

The context for this statement is that the presidential records retrieved from Mar-A-Lago by FBI this week was already declassified. As the custodian of former President Trump's presidential records, NARA would be aware of this "standing order" and would also have a copy of this record.

EXPEDITED PROCESSING

The circumstances surrounding the FBI search of the former president's Mar-A-Lago residence this week is unprecedented in our nation's modern history. The unsealing of the search warrant and property records receipt documenting what the FBI removed makes it clear and states explicitly that some of the records were classified top secret/sensitive compartmented information. The unsealing also makes clear that federal prosecutors are exploring possible violations of the federal Espionage Act among other allegations. These historic disclosures have dominated the news. Now, former President Trump has said he had the right to possess these records and they were in fact

**Exhibit 5**

already declassified. If such a standing order exists it stands to reason that DOJ would be aware of it and would have a copy of it. There is a clear overwhelming public interest in this matter and now with this statement issued it is crucial that if any standing order exists that it be released as soon as possible so I can inform the public about what the document says.

As senior investigative reporter at Bloomberg News, I am a full-time member of the news media. I therefore qualify as a person primarily engaged in disseminating information. The very purpose of the FOIA is to lessen the public's dependency on official government statements and open the underlying documents to public scrutiny. This is clearly an instance in which expedited processing of a FOIA request is warranted. These records are not being requested for commercial purposes. I intend to use these records to write news stories and inform the public.

I certify the foregoing to be true and correct to the best of my knowledge and belief.
 _/s/_____JL_____ Jason Leopold


Reasonably Foreseeable Harm. The FOIA Improvement Act of 2016 amended the FOIA as follows (5 USC 552(a)(8)):

(A) An agency shall--

(i) withhold information under this section only if--

(I) the agency reasonably foresees that disclosure would harm an interest protected by an exemption described in subsection (b); or

(II) disclosure is prohibited by law; and

(ii) (I) consider whether partial disclosure of information is possible whenever the agency determines that a full disclosure of a requested record is not possible; and

(II) take reasonable steps necessary to segregate and release nonexempt information. . . .

DOJ should not fail to comply with this mandatory part of the FOIA as recently amended by Congress. The Agency is required to identify what reasonably foreseeable harm would flow from release of the information withheld, nor did it consider a partial disclosure of the information, taking reasonable steps to segregate and release nonexempt information.


INSTRUCTIONS REGARDING SEARCH


1. Instructions Regarding "Leads":

As required by the relevant case law, the DOJ should follow any leads it discovers during the conduct of its searches and perform additional searches when said leads indicate that records may be located in another system. Failure to follow clear leads is a violation of FOIA.


2. Request for Public Records:

Please search for any records even if they are already publicly available.


3. Request for Electronic and Paper/Manual Searches:

I request that searches of all electronic and paper/manual indices, filing systems, and locations for any and all records relating or referring to the subject of my request be conducted.

4. Request for Search of Filing Systems, Indices, and Locations:

I request that the DOJ search all of its offices and components, which are likely to contain responsive records.

5. Request regarding Photographs and other Visual Materials:

I request that any photographs or other visual materials responsive to my request be released to me in their original or comparable forms, quality, and resolution. For example, if a photograph was taken digitally, or if the DOJ maintains a photograph digitally, I request disclosure of the original digital image file, not a reduced resolution version of that image file nor a printout and scan of that image file. Likewise, if a photograph was originally taken as a color photograph, I request disclosure of that photograph as a color image, not a black and white image. Please contact me for any clarification on this point.

6. Request for Duplicate Pages:

I request disclosure of any and all supposedly "duplicate" pages. Scholars analyze records not only for the information available on any given page, but also for the relationships between that information and information on pages surrounding it. As such, though certain pages may have been previously released to me, the existence of those pages within new context renders them functionally new pages. As such, the only way to properly analyze released information is to analyze that information within its proper context. Therefore, I request disclosure of all "duplicate" pages.

7. Request to Search Emails:

Please search for emails relating to the subject matter of my request.

8. Request for Search of Records Transferred to Other Agencies:

I request that in conducting its search, the DOJ disclose releasable records even if they are available publicly through other sources outside the DOJ, such as NARA.

9. Regarding Destroyed Records

If any records responsive or potentially responsive to my request have been destroyed, my request includes, but is not limited to, any and all records relating or referring to the destruction of those records. This includes, but is not limited to, any and all records relating or referring to the events leading to the destruction of those records.

INSTRUCTIONS REGARDING SCOPE AND BREADTH OF REQUESTS

Please interpret the scope of this request broadly. The DOJ is instructed to interpret the scope of this request in the most liberal manner possible short of an interpretation that would lead to a conclusion that the request does not reasonably describe the records sought.

I am the senior investigative reporter for Bloomberg News and formerly investigative reporter for BuzzFeed News and formerly senior investigative reporter and on-air correspondent for VICE News. Additionally, my reporting has been published in The Guardian, The Wall Street Journal, The Financial Times, Salon, CBS Marketwatch, The Los Angeles Times, The Nation, Truthout, Al Jazeera English and Al Jazeera America.

I request a complete waiver of all search and duplication fees. If my request for a waiver is denied, I request that I be considered a member of the news media for fee purposes.

Under 5 U.S.C. §552(a)(4)(A)(iii), "Documents shall be furnished without any charge ... if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." Disclosure in this case meets the statutory criteria, as the records sought to detail the operations and activities of government. This request is

also not primarily in my commercial request, as I am seeking the records as a journalist to analyze and freely release to members of the public.

If I am not granted a complete fee waiver, I request to be considered a member of the news media for fee purposes. I am willing to pay all reasonable duplication expenses incurred in processing this FOIA request.

--

Jason Leopold

Senior Investigative Reporter

Bloomberg News

213 270 4334 (signal)

jasonleopold@protonmail.com (secure/encrypted)

@jJasonLeopold

**U.S. Department of Justice**

National Security Division

_Washington, D.C. 20530_

Jason Leopold                                    September 1, 2022
1669 Benedict Canyon Drive
Beverly Hills, CA 90210-2002
jasonleopold@gmail.com

Re: FOIA/PA #22-332

Dear Mr. Leopold:

     This is to acknowledge your email dated August 19, 2022, for information pertaining to A copy of the "standing order" that former President Trump had while he was still president that authorized him to take sensitive or classified records from the Oval Office to his residence.   Our FOIA office received your Freedom of Information Act request on August 19, 2022.

     Our policy is to process FOIA requests on a first-in, first-out basis.   Any searches conducted in response to your request will be limited to the records of the National Security Division.   Consistent with this policy, every effort will be made to respond to your request as quickly as possible.   The actual processing time will depend upon the complexity of the request, whether it involves sensitive or voluminous records, and whether consultations with other agencies or agency components are appropriate.

     You may contact our Government Information Specialist, Kevin Tiernan, for any further assistance and to discuss any aspect of your request at:

     U.S. Department of Justice
     Records and FOIA Unit
     3 Constitution Square
     175 N Street N.E. 12th Floor
     Washington, DC   20530
     (202) 233-0755

**Exhibit 6**

You also requested expedited processing of your request. You requested expedited treatment pursuant to the fourth standard enumerated in the Department of Justice's regulations. Expedited treatment pursuant to the first standard will be granted where not doing so "could reasonably be expected to pose an imminent threat to the life or physical safety of an individual." 5 U.S.C. § 552(a)(6)(E)(v)(I). See also 28 C.F.R. § 16.5(e)(1)(i) (2019). Under the second standard, you must show that there is "[a]n urgency to inform the public about an actual or alleged Federal Government activity, if made by a person primarily engaged in disseminating information." 5 U.S.C. § 552(a)(6)(E)(v)(II). See also 28 C.F.R. § 16.5(e)(1)(ii) (2019). Under the third standard, you must show that the request involves "[t]he loss of substantial due process rights." 28 C.F.R. § 16.5(e)(1)(iii) (2019). Under the fourth standard, you must show that the subject matter of your request is a "matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence." Id. at § 16.5(e)(1)(iv). This Office makes determinations regarding the first three standards, while the Department's Director of Public Affairs makes determinations regarding the fourth standard. See id. at § 16.5(e)(2).

The fourth standard requires you must show that the subject matter of your request is a "matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence." Id. at § 16.5(e)(1)(iv).

Based on the information you have provided it has determined that you have satisfied the requirement under the fourth standard and thereby your request for expedited processing has been granted.

Please be advised that, your request has been assigned to a Government Information Specialist on the DOJ's National Security Division Records and FOIA staff and a further update regarding your request will be provided to you as soon as practicable.

Sincerely,

*Arnetta Mallory*

Arnetta Mallory
Government Information Specialist

**From:** Jason Leopold <jasonleopold@gmail.com>
**Sent:** Tuesday, August 23, 2022 4:26 PM
**To:** USDOJ-Office of Legal Counsel (SMO) <Ex_OLC@jmd.usdoj.gov>
**Subject:** [EXTERNAL] Request for records under the Freedom of Information Act

This is a request for records under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 and the Privacy Act, 5 U.S.C. § 552a. This request should be considered under both statutes to maximize the release of records. This request seeks expedited processing.

REQUESTER INFORMATION
Name: Jason Leopold
Position: Investigative Reporter
Address: 1669 Benedict Canyon Dr., Beverly Hills, CA 90210
Email: jasonleopold@gmail.com

RECORDS SOUGHT
I request disclosure from the Department of Justice Office of Legal Counsel the following records:

1. Legal guidance and legal opinions OLC provided to the National Archives, it's (now) former Director David Ferriero, Acting Director Debra Wall, and NARA counsel Gary Stern, relating or referring to the Presidential Records Act, Executive Privilege, records removed from the Trump White House and stored at Mar-a-Lago that were recovered by NARA after former President Donald Trump left office.

In a letter dated May 10 and publicly released by NARA and currently posted on the agency's website, acting Archivist Debra Wall wrote to Evan Corcoran, one of Donald Trump's attorneys, that she had consulted with "the Assistant Attorney General for the Office of Legal Counsel, regarding whether or not I should uphold the former President's purported "protective assertion of executive privilege."

**Exhibit 7**

That letter can be found here: https://www.archives.gov/files/foia/wall-letter-to-evan-corcoran-re-trump-boxes-05.10.2022.pdf

EXPEDITED PROCESSING

The circumstances surrounding the FBI search of the former president's Mar-A-Lago residence is unprecedented in our nation's modern history. The unsealing of the search warrant and property records receipt documenting what the FBI removed makes it clear and states explicitly that some of the records were classified top secret/sensitive compartmentation information. Now, Archivist Debra Wall's letter goes even further, characterizing the records NARA retrieved as including "classified national security

information, up to the level of Top Secret and including Sensitive Compartmentation Information and Special Access Program materials." The unsealing, as well as Ms. Wall's letter, also makes clear that federal prosecutors are exploring possible violations of the federal Espionage Act among other allegations. These historic disclosures have dominated the news. There is a clear overwhelming public interest in this matter and now with the disclosure that OLC had provided legal guidance to NARA it is crucial that if any standing order exists that it be released as soon as possible so I can inform the public about what that legal guidance said and how it informed NARA's decisions.

As senior investigative reporter at Bloomberg News, I am a full-time member of the news media. I therefore qualify as a person primarily engaged in disseminating information. The very purpose of the FOIA is to lessen the public's dependency on official government statements and open the underlying documents to public scrutiny. This is clearly an instance in which expedited processing of a FOIA request is warranted. These records are not being requested for commercial purposes. I intend to use these records to write news stories and inform the public.

I certify the foregoing to be true and correct to the best of my knowledge and belief. _/s/_____JL_____ Jason Leopold

Reasonably Foreseeable Harm.  The FOIA Improvement Act of 2016 amended the FOIA as follows (5 USC 552(a)(8)):

(A) An agency shall—

(i) withhold information under this section only if—

(I) the agency reasonably foresees that disclosure would harm an interest protected by an exemption described in subsection (b); or

(II) disclosure is proh bited by law; and

(ii) (I) consider whether partial disclosure of information is poss ble whenever the agency determines that a full disclosure of a requested record is not possible; and

(II) take reasonable steps necessary to segregate and release nonexempt information. . . .

OLC should not fail to meet the requirements of Section 552(a)(8) when processing my request and release responsive records to me in full or at least in part.

INSTRUCTIONS REGARDING SEARCH

1.    Request for Public Records:

Please search for any records even if they are already publicly available.

2.    Request for Electronic and Paper/Manual Searches:

I request that searches of all electronic and paper/manual indices, filing systems, and locations for any and all records relating or referring to the subject of my request be conducted.  I further request that the agencies conduct a search of its "soft files" as well as files in its locked cabinets.

3.    Request regarding Photographs and other Visual Materials:

I request that any photographs or other visual materials responsive to my request be released to me in their original or comparable forms, quality, and resolution. For example, if a photograph was taken digitally, or if the agencies maintains a photograph digitally, I request disclosure of the original digital image file, not a reduced resolution version of that image file nor a printout and scan of that image file. Likewise, if a photograph was originally taken as a color photograph, I request disclosure of that photograph as a color image, not a black and white image. Please contact me for any clarification on this point.

4.    Request for Duplicate Pages:

I request disclosure of any and all supposedly "duplicate" pages. Scholars analyze records not only for the information available on any given page, but also for the relationships between that information and information on pages surrounding it. As such, though certain pages

may have been previously released to me, the existence of those pages within new context renders them functionally new pages. As such, the only way to properly analyze released information is to analyze that information within its proper context. Therefore, I request disclosure of all "duplicate" pages.

5.   Request to Search Emails:

Please search for emails relating to the subject matter of my request.

6.   Request for Search of Records Transferred to Other Agencies:

I request that in conducting its search, the agencies disclose releasable records even if they are available publicly through other sources outside the agencies, such as NARA.

FORMAT

I request that any releases stemming from this request be provided to me in digital format (soft-copy) on a compact disk or other like media.

FEE CATEGORY AND REQUEST FOR A FEE WAIVER

I am the senior investigative reporter for Bloomberg News and formerly senior investigative reporter for BuzzFeed News and VICE News. Additionally, my reporting has been published in The Guardian, The Wall Street Journal, The Financial Times, Salon, CBS Marketwatch, The Los Angeles Times, The Nation, Truthout, Al Jazeera English and Al Jazeera America.

I request a complete waiver of all search and duplication fees. If my request for a waiver is denied, I request that I be considered a member of the news media for fee purposes.

Under 5 U.S.C. §552(a)(4)(A)(iii), "Documents shall be furnished without any charge ... if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." Disclosure in this case meets the statutory criteria, as the records sought to detail the operations and activities of the government. This request is also not primarily in my commercial request, as I am seeking the records as a journalist to analyze and freely release to members of the public.

If I am not granted a complete fee waiver, I request to be considered a member of the news media for fee purposes. I am willing to pay all reasonable duplication expenses incurred in processing this FOIA request.

I will appeal any denial of my request for a waiver administratively and to the courts if necessary.

--

Jason Leopold
Senior Investigative Reporter
Bloomberg News
213 270 4334 (signal)
jasonleopold@protonmail.com (secure/encrypted)
@jJasonLeopold

**U.S. Department of Justice**

Office of Legal Counsel

*Washington, D.C.  20530*

September 8, 2022

Jason Leopold
Senior Investigative Reporter
Bloomberg News
jasonleopold@gmail.com

>   Re:    **FOIA Tracking No. FY22-122**

Dear Mr. Leopold:

This letter acknowledges receipt of your August 23, 2022 Freedom of Information Act "FOIA") request to the Office of Legal Counsel ("OLC"), in which you sought "Legal guidance and legal opinions OLC provided to the National Archives, it's (now) former Director David Ferriero, Acting Director Debra Wall, and NARA counsel Gary Stern, relating or referring to the Presidential Records Act, Executive Privilege, records removed from the Trump White House and stored at Mar-a-Lago that were recovered by NARA after former President Donald Trump left office." We received your request on August 23, 2022, and it has been assigned tracking number **FY22-122.**

Your request for expedited processing has been granted and your request has been assigned to the "expedited" processing track. Because of the considerable number of FOIA requests received by OLC prior to your request, including other previously expedited requests, we likely will be unable to comply with the twenty-day statutory deadline for responding to your request. I regret the necessity of this delay, but I assure you that your request will be processed as soon as practicable.

We have not yet made a decision on your request for a fee waiver. We will do so after we determine whether fees will be assessed for this request. We note that in the event your fee waiver is denied, you have agreed to "pay all reasonable duplication expenses."

In the meantime, if you have any questions or wish to discuss your request, you may contact Melissa Golden, OLC's FOIA Public Liaison, at usdoj-officeoflegalcounsel@usdoj.gov, (202) 514-2053, or at Office of Legal Counsel, United States Department of Justice, 950 Pennsylvania Ave., N.W., Room 5517, Washington, DC 20530.

Sincerely,

Jared Kaprove
FOIA and Records Management Attorney

**Exhibit 8**

---------- Forwarded message ---------
From: **DNI-FOIA** <DNI-FOIA@dni.gov>
Date: Mon, Aug 22, 2022 at 12:39 PM
Subject: RE: RESUBMITTING Request for records under the Freedom of Information Act
To: jasonleopold@gmail.com <jasonleopold@gmail.com>
Cc: DNI-FOIA <DNI-FOIA@dni.gov>


Good afternoon, Mr. Leopold,


We will make note of the updated language to your request.


Thank you,


DNI-FOIA




**From:** Jason Leopold <jasonleopold@gmail.com>
**Sent:** Friday, August 19, 2022 10:22 PM
**To:** DNI-FOIA <DNI-FOIA@dni.gov>
**Subject:** RESUBMITTING Request for records under the Freedom of Information Act


**please note: I am resubmiting this request to change the word RECEIVED to HAD.



This is a request for records under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 and the Privacy Act, 5 U.S.C. § 552a. This request should be considered under both statutes to maximize the release of records. This request seeks expedited processing.


REQUESTER INFORMATION

Name: Jason Leopold

Position: Investigative Reporter

Address: 1669 Benedict Canyon Dr., Beverly Hills, CA 90210

Email: jasonleopold@gmail.com


I request disclosure from the Officer of the Director of National Intelligence the following records:

**Exhibit 9**

1. A copy of the "standing order" that former President Trump had while he was still president that authorized him to take sensitive or classified records from the Oval Office to his residence. To be clear, once these sensitive or classified records were removed from the Oval Office the records were deemed to be declassified.

In a statement issued to the website Just The News on Friday, August 12, the Office of Donald Trump said:

"He had a standing order that documents removed from the Oval Office and taken into the residence were deemed to be declassified," the statement added. "The power to classify and declassify documents rests solely with the President of the United States. The idea that some paper-pushing bureaucrat, with classification authority delegated BY THE PRESIDENT, needs to approve of declassification is absurd."
https://justthenews.com/politics-policy/all-things-trump/breaking-trump-describes-process-how-he-declassified-documents

The context for this statement is that the presidential records retrieved from Mar-A-Lago by FBI this week was already declassified. As the custodian of former President Trump's presidential records, NARA would be aware of this "standing order" and would also have a copy of this record.

EXPEDITED PROCESSING

The circumstances surrounding the FBI search of the former president's Mar-A-Lago residence this week is unprecedented in our nation's modern history. The unsealing of the search warrant and property records receipt documenting what the FBI removed makes it clear and states explicitly that some of the records were classified top secret/sensitive compartmented information. The unsealing also makes clear that federal prosecutors are exploring possible violations of the federal Espionage Act among other allegations. These historic disclosures have dominated the news. Now, former President Trump has said he had the right to possess these records and they were in fact already declassified. If such a standing order exists it stands to reason that ODNI would be aware of it and would have a copy of it. There is a clear overwhelming public interest in this matter and now with this statement issued it is crucial that if any standing order exists that it be released as soon as poss ble so I can inform the public about what the document says.

As senior investigative reporter at Bloomberg News, I am a full-time member of the news media. I therefore qualify as a person primarily engaged in disseminating information. The very purpose of the FOIA is to lessen the public's dependency on official government statements and open the underlying documents to public scrutiny. This is clearly an instance in which expedited processing of a FOIA request is warranted. These records are not being requested for commercial purposes. I intend to use these records to write news stories and inform the public.

I certify the foregoing to be true and correct to the best of my knowledge and belief. _/s/_____JL_____ Jason Leopold

Reasonably Foreseeable Harm.  The FOIA Improvement Act of 2016 amended the FOIA as follows (5 USC 552(a)(8)):

(A) An agency shall—

(i) withhold information under this section only if—

(I) the agency reasonably foresees that disclosure would harm an interest protected by an exemption described in subsection (b); or

(II) disclosure is proh bited by law; and

(ii) (I) consider whether partial disclosure of information is poss ble whenever the agency determines that a full disclosure of a requested record is not possible; and

(II) take reasonable steps necessary to segregate and release nonexempt information. . . .

DNI should not fail to comply with this mandatory part of the FOIA as recently amended by Congress. The Agency is required to identify what reasonably foreseeable harm would flow from release of the information withheld, nor did it consider a partial disclosure of the information, taking reasonable steps to segregate and release nonexempt information.

INSTRUCTIONS REGARDING SEARCH

1.    Instructions Regarding "Leads":

As required by the relevant case law, the DNI should follow any leads it discovers during the conduct of its searches and perform additional searches when said leads indicate that records may be located in another system.  Failure to follow clear leads is a violation of FOIA.

2.    Request for Public Records:

Please search for any records even if they are already publicly available.


3.      Request for Electronic and Paper/Manual Searches:

I request that searches of all electronic and paper/manual indices, filing systems, and locations for any and all records relating or referring to the subject of my request be conducted.


4.      Request for Search of Filing Systems, Indices, and Locations:

I request that the DNI search all of its offices and components, which are likely to contain responsive records.

5.      Request regarding Photographs and other Visual Materials:

I request that any photographs or other visual materials responsive to my request be released to me in their original or comparable forms, quality, and resolution. For example, if a photograph was taken digitally, or if the DNI maintains a photograph digitally, I request disclosure of the original digital image file, not a reduced resolution version of that image file nor a printout and scan of that image file. Likewise, if a photograph was originally taken as a color photograph, I request disclosure of that photograph as a color image, not a black and white image. Please contact me for any clarification on this point.


6.      Request for Duplicate Pages:

I request disclosure of any and all supposedly "duplicate" pages. Scholars analyze records not only for the information available on any given page, but also for the relationships between that information and information on pages surrounding it. As such, though certain pages may have been previously released to me, the existence of those pages within new context renders them functionally new pages. As such, the only way to properly analyze released information is to analyze that information within its proper context. Therefore, I request disclosure of all "duplicate" pages.

7.      Request to Search Emails:

Please search for emails relating to the subject matter of my request.


8.      Request for Search of Records Transferred to Other Agencies:

I request that in conducting its search, the DNI disclose releasable records even if they are available publicly through other sources outside the DNI, such as NARA.


9.      Regarding Destroyed Records

If any records responsive or potentially responsive to my request have been destroyed, my request includes, but is not limited to, any and all records relating or referring to the destruction of those records. This includes, but is not limited to, any and all records relating or referring to the events leading to the destruction of those records.


INSTRUCTIONS REGARDING SCOPE AND BREADTH OF REQUESTS

Please interpret the scope of this request broadly. The DNI is instructed to interpret the scope of this request in the most liberal manner possible short of an interpretation that would lead to a conclusion that the request does not reasonably describe the records sought.


FORMAT


I request that any releases stemming from this request be provided to me in digital format (soft-copy) on a compact disk or other like media.

FEE CATEGORY AND REQUEST FOR A FEE WAIVER

I am the senior investigative reporter for Bloomberg News and formerly investigative reporter for BuzzFeed News and formerly senior investigative reporter and on-air correspondent for VICE News. Additionally, my reporting has been published in The Guardian, The Wall Street Journal, The Financial Times, Salon, CBS Marketwatch, The Los Angeles Times, The Nation, Truthout, Al Jazeera English and Al Jazeera America.


I request a complete waiver of all search and duplication fees. If my request for a waiver is denied, I request that I be considered a member

of the news media for fee purposes.

Under 5 U.S.C. §552(a)(4)(A)(iii), "Documents shall be furnished without any charge ... if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." Disclosure in this case meets the statutory criteria, as the records sought to detail the operations and activities of government. This request is also not primarily in my commercial request, as I am seeking the records as a journalist to analyze and freely release to members of the public.

If I am not granted a complete fee waiver, I request to be considered a member of the news media for fee purposes. I am willing to pay all reasonable duplication expenses incurred in processing this FOIA request.

**I will appeal any denial of my request for a waiver administratively and to the courts if necessary.**


--

Jason Leopold
Senior Investigative Reporter
Bloomberg News
213 270 4334 (signal)
jasonleopold@protonmail.com (secure/encrypted)
@jJasonLeopold

OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE
WASHINGTON, DC


August 19, 2022


Jason Leopold
1669 Benedict Canyon Dr.
Beverly Hills, CA  90210


Mr. Leopold:

        This acknowledges receipt of your Freedom of Information Act (FOIA) request
dated 15 August 2022 and received by the Office of the Director of National Intelligence
(ODNI) on 16 August 2022, in which you requested: "*A copy of the "standing order" that
former President Trump received while he was still president that authorized him to take
sensitive or classified records from the Oval Office to his residence.*"

        **Your request has been assigned ODNI tracking number DF-2022-00378 and
your requests for a fee waiver and expedited processing have been granted.** We have
initiated searches for the records you requested and are awaiting response.

        To assist you with any aspect of your request you may contact the FOIA Public
Liaison at dni-foia-liaison@dni.gov.  You may also contact the Office of Government
Information Services (OGIS) of the National Archives and Records Administration to
inquire about the mediation services they provide. OGIS can be reached at 8601 Adelphi
Road, Room 2510, College Park, MD 20740-6001; telephone (202) 741-5770 or Toll-free
(877) 684-6448; facsimile (202) 741-5769; or email at ogis@nara.gov.

        If you have any questions, please contact our Requester Service Center at dni-
foia@dni.gov or (703) 275-1313.


                                        Sincerely,

                                        *KCL for*

                                        Greg Koch
                                        Chief, Information Management Office
                                        FOIA Public Liaison


**Exhibit 10**

On Tue, Aug 23, 2022 at 5:42 PM Jason Leopold <jasonleopold@gmail.com> wrote:
This is a request for records under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 and the Privacy Act, 5 U.S.C. § 552a. This request should be considered under both statutes to maximize the release of records. This request seeks expedited processing.

REQUESTER INFORMATION
Name: Jason Leopold
Position: Investigative Reporter
Address: 1669 Benedict Canyon Dr., Beverly Hills, CA 90210
Email: jasonleopold@gmail.com

RECORDS SOUGHT
I request disclosure from the Department of Justice Office of Legal Counsel the following records:

1. Copies of each of the following letters NARA sent to and received from Donald Trump's representatives and/or attorneys and officials at DOJ's National Security Division concerning presidential records that were stored at Mar-a-Lago, including records that were classified top secret and some that were Special Access Program materials.

- April 29 and May 1 letters from Evan Corcoran "requesting that the National Archives and Records Administration (NARA) further delay the disclosure to the Federal Bureau of Investigation (FBI) of the records that were the subject of our April 12, 2022 notification to an authorized representative of former President Trump."
- A copy of the April 12 "notification letter."
- A copy of the April 29 Department of Justice National Security
- Division letter sent to Corcoran and cc'd to NARA.
- A copy of the May 5 letter Corcoran sent to NARA as described in the last paragraph of Ms. Wall's letter.

In a letter dated May 10 and publicly released by NARA and currently posted on the agency's website, acting Archivist Debra Wall wrote to Evan Corcoran, one of Donald Trump's attorneys, and cited the four letters I am now requesting.

That letter can be found here: https://www.archives.gov/files/foia/wall-letter-to-evan-corcoran-re-trump-boxes-05.10.2022.pdf

EXPEDITED PROCESSING

The circumstances surrounding the FBI search of the former president's Mar-A-Lago residence is unprecedented in our nation's modern history. The unsealing of the search warrant and property records receipt documenting what the FBI removed makes it clear and states explicitly that some of the records were classified top secret/sensitive compartmented information. Now, Archivist Debra Wall's letter goes even further, characterizing the records NARA retrieved as including "classified national security information, up to the level of Top Secret and including Sensitive Compartmented Information and Special Access Program materials." The unsealing, as well as Ms. Wall's letter, also makes clear that federal prosecutors are exploring possible violations of the federal Espionage Act among other allegations. These historic disclosures have dominated the news. There is a clear overwhelming public interest in this matter and now with the disclosure that OLC had provided legal guidance to NARA it is crucial that if any standing order exists that it be released as soon as possible so I can inform the public about what that legal guidance said and how it informed NARA's decisions.

As senior investigative reporter at Bloomberg News, I am a full-time member of the news media. I

**Exhibit 11**

therefore qualify as a person primarily engaged in disseminating information. The very purpose of the FOIA is to lessen the public's dependency on official government statements and open the underlying documents to public scrutiny. This is clearly an instance in which expedited processing of a FOIA request is warranted. These records are not being requested for commercial purposes. I intend to use these records to write news stories and inform the public.

I certify the foregoing to be true and correct to the best of my knowledge and belief.
 _/s/_____JL_____ Jason Leopold

Reasonably Foreseeable Harm.  The FOIA Improvement Act of 2016 amended the FOIA as follows (5 USC 552(a)(8)):

(A) An agency shall—

(i) withhold information under this section only if—

(I) the agency reasonably foresees that disclosure would harm an interest protected by an exemption described in subsection (b); or

(II) disclosure is prohibited by law; and

(ii) (I) consider whether partial disclosure of information is possible whenever the agency determines that a full disclosure of a requested record is not possible; and

(II) take reasonable steps necessary to segregate and release nonexempt information. . . .

OLC should not fail to meet the requirements of Section 552(a)(8) when processing my request and release responsive records to me in full or at least in part.

INSTRUCTIONS REGARDING SEARCH

1.    Request for Public Records:

Please search for any records even if they are already publicly available.

2.    Request for Electronic and Paper/Manual Searches:

I request that searches of all electronic and paper/manual indices, filing systems, and locations for any and all records relating or referring to the subject of my request be conducted.  I further request that the agencies conduct a search of its "soft files" as well as files in its locked cabinets.

3.    Request regarding Photographs and other Visual Materials:

I request that any photographs or other visual materials responsive to my request be released to me in their original or comparable forms, quality, and resolution. For example, if a photograph was taken digitally, or if the agencies maintains a photograph digitally, I request disclosure of the original digital image file, not a reduced resolution version of that image file nor a printout and scan of that image file. Likewise, if a photograph was originally taken as a color photograph, I request disclosure of that photograph as a color image, not a black and white image. Please contact me for any clarification on this point.

4.    Request for Duplicate Pages:

I request disclosure of any and all supposedly "duplicate" pages. Scholars analyze records not only for the information available on any given page, but also for the relationships between that information and information on pages surrounding it. As such, though certain pages may have been previously released

to me, the existence of those pages within new context renders them functionally new pages. As such, the only way to properly analyze released information is to analyze that information within its proper context. Therefore, I request disclosure of all "duplicate" pages.

5.    Request to Search Emails:

Please search for emails relating to the subject matter of my request.

6.    Request for Search of Records Transferred to Other Agencies:

I request that in conducting its search, the agencies disclose releasable records even if they are available publicly through other sources outside the agencies, such as NARA.

FORMAT

I request that any releases stemming from this request be provided to me in digital format (soft-copy) on a compact disk or other like media.

FEE CATEGORY AND REQUEST FOR A FEE WAIVER

I am the senior investigative reporter for Bloomberg News and formerly senior investigative reporter for BuzzFeed News and VICE News. Additionally, my reporting has been published in The Guardian, The Wall Street Journal, The Financial Times, Salon, CBS Marketwatch, The Los Angeles Times, The Nation, Truthout, Al Jazeera English and Al Jazeera America.

I request a complete waiver of all search and duplication fees. If my request for a waiver is denied, I request that I be considered a member of the news media for fee purposes.

Under 5 U.S.C. §552(a)(4)(A)(iii), "Documents shall be furnished without any charge ... if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." Disclosure in this case meets the statutory criteria, as the records sought to detail the operations and activities of the government. This request is also not primarily in my commercial request, as I am seeking the records as a journalist to analyze and freely release to members of the public.

If I am not granted a complete fee waiver, I request to be considered a member of the news media for fee purposes. I am willing to pay all reasonable duplication expenses incurred in processing this FOIA request.

I will appeal any denial of my request for a waiver administratively and to the courts if necessary.
--
--
Jason Leopold
Senior Investigative Reporter
Bloomberg News
213 270 4334 (signal)
jasonleopold@protonmail.com (secure/encrypted)
@jJasonLeopold

---------- Forwarded message ---------
From: **NARA General Counsel FOIA Office** <foia@nara.gov>
Date: Fri, Aug 26, 2022 at 9:44 AM
Subject: Re: Request for records under the Freedom of Information Act
To: <jasonleopold@gmail.com>
Cc: FOIA <FOIA@nara.gov>


**Sent via Email** <jasonleopold@gmail.com>

August 26, 2022

*BuzzFeed News*
Jason Leopold
Senior Investigative Reporter
1669 Benedict Canyon Dr.
Beverly Hills, CA 90210
jasonleopold@gmail.com


RE: Freedom of Information Act Request NGC22-807

Dear Mr. Leopold:

Your FOIA request, dated August 23, 2022, was received by the National Archives and Records Administration's Office of General Counsel on the same day via our foia@nara.gov inbox. We assigned your request tracking number **NGC22-807**.  Please provide this number in any future correspondence about your case.


Sincerely,

Ashley A. Bryan
Government Information Specialist
Office of General Counsel (NGC)
National Archives and Records Administration
8601 Adelphi Road

**Exhibit 12**

College Park, Maryland, 20740-6001
301-837-3642


On Tue, Aug 23, 2022 at 5:42 PM Jason Leopold <jasonleopold@gmail.com> wrote:
This is a request for records under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 and the Privacy Act, 5 U.S.C. § 552a. This request should be considered under both statutes to maximize the release of records. This request seeks expedited processing.

REQUESTER INFORMATION
Name: Jason Leopold
Position: Investigative Reporter
Address: 1669 Benedict Canyon Dr., Beverly Hills, CA 90210
Email: jasonleopold@gmail.com

RECORDS SOUGHT
I request disclosure from the Department of Justice Office of Legal Counsel the following records:

1. Copies of each of the following letters NARA sent to and received from Donald Trump's representatives and/or attorneys and officials at DOJ's National Security Division concerning presidential records that were stored at Mar-a-Lago, including records that were classified top secret and some that were Special Access Program materials.

- April 29 and May 1 letters from Evan Corcoran "requesting that the National Archives and Records Administration (NARA) further delay the disclosure to the Federal Bureau of Investigation (FBI) of the records that were the subject of our April 12, 2022 notification to an authorized representative of former President Trump."
- A copy of the April 12 "notification letter."
- A copy of the April 29 Department of Justice National Security
- Division letter sent to Corcoran and cc'd to NARA.
- A copy of the May 5 letter Corcoran sent to NARA as described in the last paragraph of Ms. Wall's letter.

In a letter dated May 10 and publicly released by NARA and currently posted on the agency's website, acting Archivist Debra Wall wrote to Evan Corcoran, one of Donald Trump's attorneys, and cited the four letters I am now requesting.

That letter can be found here: https://www.archives.gov/files/foia/wall-letter-to-evan-corcoran-re-trump-boxes-05.10.2022.pdf

EXPEDITED PROCESSING

The circumstances surrounding the FBI search of the former president's Mar-A-Lago residence is unprecedented in our nation's modern history. The unsealing of the search warrant and property records receipt documenting what the FBI removed makes it clear and states explicitly that some of the records were classified top secret/sensitive compartmented information. Now, Archivist Debra Wall's letter goes even further, characterizing the records NARA retrieved as including "classified national security information, up to the level of Top Secret and including Sensitive Compartmented Information and Special Access Program materials." The unsealing, as well as Ms. Wall's letter, also makes clear that federal prosecutors are exploring possible violations of the federal Espionage Act among other allegations. These historic disclosures have dominated the news. There is a clear overwhelming public interest in this matter and now with the disclosure that OLC had provided legal guidance to NARA it is crucial that if any standing order exists that it be released as soon as possible so I can inform the public about what that legal guidance said and how it informed NARA's decisions.

As senior investigative reporter at Bloomberg News, I am a full-time member of the news media. I

therefore qualify as a person primarily engaged in disseminating information. The very purpose of the FOIA is to lessen the public's dependency on official government statements and open the underlying documents to public scrutiny. This is clearly an instance in which expedited processing of a FOIA request is warranted. These records are not being requested for commercial purposes. I intend to use these records to write news stories and inform the public.

I certify the foregoing to be true and correct to the best of my knowledge and belief.
_/s/_____JL_____ Jason Leopold

Reasonably Foreseeable Harm.  The FOIA Improvement Act of 2016 amended the FOIA as follows (5 USC 552(a)(8)):

(A) An agency shall—

(i) withhold information under this section only if—

(I) the agency reasonably foresees that disclosure would harm an interest protected by an exemption described in subsection (b); or

(II) disclosure is prohibited by law; and

(ii) (I) consider whether partial disclosure of information is possible whenever the agency determines that a full disclosure of a requested record is not possible; and

(II) take reasonable steps necessary to segregate and release nonexempt information. . . .

OLC should not fail to meet the requirements of Section 552(a)(8) when processing my request and release responsive records to me in full or at least in part.

INSTRUCTIONS REGARDING SEARCH

1.     Request for Public Records:

Please search for any records even if they are already publicly available.

2.     Request for Electronic and Paper/Manual Searches:

I request that searches of all electronic and paper/manual indices, filing systems, and locations for any and all records relating or referring to the subject of my request be conducted.  I further request that the agencies conduct a search of its "soft files" as well as files in its locked cabinets.

3.     Request regarding Photographs and other Visual Materials:

I request that any photographs or other visual materials responsive to my request be released to me in their original or comparable forms, quality, and resolution. For example, if a photograph was taken digitally, or if the agencies maintains a photograph digitally, I request disclosure of the original digital image file, not a reduced resolution version of that image file nor a printout and scan of that image file. Likewise, if a photograph was originally taken as a color photograph, I request disclosure of that photograph as a color image, not a black and white image. Please contact me for any clarification on this point.

4.     Request for Duplicate Pages:

I request disclosure of any and all supposedly "duplicate" pages. Scholars analyze records not only for the information available on any given page, but also for the relationships between that information and information on pages surrounding it. As such, though certain pages may have been previously released

to me, the existence of those pages within new context renders them functionally new pages. As such, the only way to properly analyze released information is to analyze that information within its proper context. Therefore, I request disclosure of all "duplicate" pages.

5.   Request to Search Emails:

Please search for emails relating to the subject matter of my request.

6.   Request for Search of Records Transferred to Other Agencies:

I request that in conducting its search, the agencies disclose releasable records even if they are available publicly through other sources outside the agencies, such as NARA.

FORMAT

I request that any releases stemming from this request be provided to me in digital format (soft-copy) on a compact disk or other like media.

FEE CATEGORY AND REQUEST FOR A FEE WAIVER

I am the senior investigative reporter for Bloomberg News and formerly senior investigative reporter for BuzzFeed News and VICE News. Additionally, my reporting has been published in The Guardian, The Wall Street Journal, The Financial Times, Salon, CBS Marketwatch, The Los Angeles Times, The Nation, Truthout, Al Jazeera English and Al Jazeera America.

I request a complete waiver of all search and duplication fees. If my request for a waiver is denied, I request that I be considered a member of the news media for fee purposes.

Under 5 U.S.C. §552(a)(4)(A)(iii), "Documents shall be furnished without any charge ... if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." Disclosure in this case meets the statutory criteria, as the records sought to detail the operations and activities of the government. This request is also not primarily in my commercial request, as I am seeking the records as a journalist to analyze and freely release to members of the public.

If I am not granted a complete fee waiver, I request to be considered a member of the news media for fee purposes. I am willing to pay all reasonable duplication expenses incurred in processing this FOIA request.

I will appeal any denial of my request for a waiver administratively and to the courts if necessary.
--
--
Jason Leopold
Senior Investigative Reporter
Bloomberg News
213 270 4334 (signal)
jasonleopold@protonmail.com (secure/encrypted)
@jJasonLeopold



## NATIONAL ARCHIVES

<u>**Sent via Email**</u>

September 08, 2022

Jason Leopold
Investigative Reporter
Bloomberg News
1669 Benedict Canyon Drive
Beverly Hills, CA 90210
jasonleopold@gmail.com

<u>RE: Freedom of Information Act Request NGC22-806 and NGC22-807</u>

Dear Mr. Leopold:

This is in response to your request dated August 23, 2022, for expedited processing of your Freedom of Information Act (FOIA) request assigned internal tracking numbers NGC22-806 and NGC22-807.  Your request was received by NARA's Office of General Counsel via foia@nara.gov on the same day.  It seeks records related to NARA's efforts to retrieve Presidential records stored at former President Donald Trump's residence at Mar-A-Lago.

NARA processes FOIA requests on an expedited basis if it is determined that the request meets one or more of the following criteria described in its FOIA Regulation, at 36 C.F.R. § 1250.28(a):

(1) A reasonable expectation of an imminent threat to an individual's life or physical safety;

(2) A reasonable expectation of an imminent loss of a substantial due process right;

(3) An urgent need to inform the public about an actual or alleged Federal Government activity (this criterion applies only to those requests made by a person primarily engaged in disseminating information to the public); or

(4) A matter of widespread and exceptional media interest in which there exist possible questions that affect public confidence in the Government's integrity.

NATIONAL ARCHIVES *and*
RECORDS ADMINISTRATION

8601 ADELPHI ROAD
COLLEGE PARK, MD 20740-6001
*www.archives.gov*

# Exhibit 13

After carefully reviewing your request, we have determined that expedition is warranted under 36 C.F.R. § 1250.28(a)(3). Your request has been added to NARA's expedited queue. We will process your request as soon as practicable and will let you know when we have any further updates.

Sincerely,

*Joseph A. Scanlon*

Joseph A. Scanlon
FOIA & Privacy Act Officer
Office of General Counsel
National Archives and Records Administration

On Mon, Aug 15, 2022 at 5:17 PM Jason Leopold <jasonleopold@gmail.com> wrote:
This is a request for records under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 and the Privacy Act, 5 U.S.C. § 552a. This request should be considered under both statutes to maximize the release of records.

REQUESTER INFORMATION

Name: Jason Leopold

Position: Investigative Reporter

Address: 1669 Benedict Canyon Dr., Beverly Hills, CA 90210

Email: jasonleopold@gmail.com

I request disclosure from NARA the following records:

1. Copies of all letters and Questions for the Record sent to NARA from members of Congress or Congressional committees mentioning or referring to presidential records, presidential records act, Donald Trump, classified records, Mar-a-Lago, FBI,  Department of Justice, Merrick Garland.

2, Responses NARA sent to any of the letters and Questions for the Record.

The timeframe for this request is April 1, 2022 through the date the search for responsive records is conducted.

EXPEDITED PROCESSING

The circumstances surrounding the FBI search of the former president's Mar-A-Lago residence last week to recover documents, some marked as top secret and classified, is unprecedented in our nation's modern history. The decisions that led to the search have dominated the news cycle for the past week and have raised important questions about the government's decision making process that led to it as well as what the various government agencies, such as NARA, in facilitating this unprecedented decision and the responses to numerous inquiries from lawmakers, the public and journalists that have followed. These records are needed on an urgent, expedited basis so that I may inform the public about actual government activity about this matter.

As senior investigative reporter at Bloomberg News, I am a full-time member of the news media. I therefore qualify as a person primarily engaged in disseminating information. The very purpose of the FOIA is to lessen the public's dependency on official government statements and open the underlying documents to public scrutiny. This is clearly an instance in which expedited processing of a FOIA request is warranted. These records are not being requested for commercial purposes. I intend to use these records to write news stories and inform the public.

**Exhibit 14**

I certify the foregoing to be true and correct to the best of my knowledge and belief.
_/s/_____ JL_____ Jason Leopold

Reasonably Foreseeable Harm.  The FOIA Improvement Act of 2016 amended the FOIA as follows (5 USC 552(a)(8)):

(A) An agency shall—

(i) withhold information under this section only if—

(I) the agency reasonably foresees that disclosure would harm an interest protected by an exemption described in subsection (b); or

(II) disclosure is prohibited by law; and

(ii) (I) consider whether partial disclosure of information is possible whenever the agency determines that a full disclosure of a requested record is not possible; and

(II) take reasonable steps necessary to segregate and release nonexempt information. . . .

NARA and its components should not fail to comply with this mandatory part of the FOIA as recently amended by Congress. The Agency is required to identify what reasonably foreseeable harm would flow from release of the information withheld, nor did it consider a partial disclosure of the information, taking reasonable steps to segregate and release nonexempt information.

INSTRUCTIONS REGARDING SEARCH (for purposes of this search NARA components" refers to the components within NARA that have been identified as having responsive records)

1.    Instructions Regarding "Leads":

As required by the relevant case law, the NARA should follow any leads it discovers during the conduct of its searches and perform additional searches when said leads indicate that records may be located in another system.  Failure to follow clear leads is a violation of FOIA.

2.    Request for Public Records:

Please search for any records even if they are already publicly available.

3.    Request for Electronic and Paper/Manual Searches:

I request that searches of all electronic and paper/manual indices, filing systems, and locations for any and all records relating or referring to the subject of my request be conducted.

4.    Request for Search of Filing Systems, Indices, and Locations:

I request that the NARA search all of its offices and components, which are likely to contain responsive records.

5.    Request regarding Photographs and other Visual Materials:

I request that any photographs or other visual materials responsive to my request be released to me in their original or comparable forms, quality, and resolution. For example, if a photograph was taken digitally, or if the NARA maintain a photograph digitally, I request disclosure of the original digital image file, not a reduced resolution version of that image file nor a printout and scan of that image file. Likewise, if a photograph was originally taken as a color photograph, I request disclosure of that photograph as a color image, not a black and white image. Please contact me for any clarification on this point.

6.    Request for Duplicate Pages:

I request disclosure of any and all supposedly "duplicate" pages. Scholars analyze records not only for the information available on any given page, but also for the relationships between that information and information on pages surrounding it. As such, though certain pages may have been previously released to me, the existence of those pages within new context renders them functionally new pages. As such, the only way to properly analyze released information is to analyze that information within its proper context. Therefore, I request disclosure of all "duplicate" pages.

7.    Request to Search Emails:

Please search for emails relating to the subject matter of my request.

8.    Request for Search of Records Transferred to Other Agencies:

I request that in conducting its search, the NARA disclose releasable records even if they are available publicly through other sources outside the NARA components, such as NARA.

9.    Regarding Destroyed Records

If any records responsive or potentially responsive to my request have been destroyed, my request includes, but is not limited to, any and all records relating or referring to the destruction of those records. This includes, but is not limited to, any and all records relating or referring to the events leading to the destruction of those records.

INSTRUCTIONS REGARDING SCOPE AND BREADTH OF REQUESTS

Please interpret the scope of this request broadly. The NARA is instructed to interpret the scope of this request in the most liberal manner possible short of an interpretation that would lead to a conclusion that the request does not reasonably describe the records sought.

FORMAT

I request that any releases stemming from this request be provided to me in digital format (soft-copy) on a compact disk or other like media.

FEE CATEGORY AND REQUEST FOR A FEE WAIVER

I am the senior investigative reporter for Bloomberg News and formerly investigative reporter for BuzzFeed News and formerly senior investigative reporter and on-air correspondent for VICE News.

Additionally, my reporting has been published in The Guardian, The Wall Street Journal, The Financial Times, Salon, CBS Marketwatch, The Los Angeles Times, The Nation, Truthout, Al Jazeera English and Al Jazeera America.

I request a complete waiver of all search and duplication fees. If my request for a waiver is denied, I request that I be considered a member of the news media for fee purposes.

Under 5 U.S.C. §552(a)(4)(A)(iii), "Documents shall be furnished without any charge ... if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." Disclosure in this case meets the statutory criteria, as the records sought to detail the operations and activities of government. This request is also not primarily in my commercial request, as I am seeking the records as a journalist to analyze and freely release to members of the public.

If I am not granted a complete fee waiver, I request to be considered a member of the news media for fee purposes. I am willing to pay all reasonable duplication expenses incurred in processing this FOIA request.

**I will appeal any denial of my request for a waiver administratively and to the courts if necessary.**


--
Jason Leopold
Senior Investigative Reporter
Bloomberg News
213 270 4334 (signal)
jasonleopold@protonmail.com (secure/encrypted)
@jJasonLeopold

---------- Forwarded message ---------
From: **Ashley Bryan** <ashley.bryan@nara.gov>
Date: Fri, Aug 26, 2022 at 9:11 AM
Subject: Re: Request for recrods
To: <jasonleopold@gmail.com>


**Sent via Email** <jasonleopold@gmail.com>

August 26, 2022

*BuzzFeed News*
Jason Leopold
Senior Investigative Reporter
1669 Benedict Canyon Dr.
Beverly Hills, CA 90210
jasonleopold@gmail.com


RE: Freedom of Information Act Request NGC22-756

Dear Mr. Leopold:

Your FOIA request, dated August 15, 2022, was received by the National Archives and Records
Administration's Office of General Counsel on the same day via our foia@nara.gov inbox. We assigned
your request tracking number **NGC22-756**.  Please provide this number in any future correspondence
about your case.


Sincerely,

Ashley A. Bryan
Government Information Specialist
Office of General Counsel (NGC)
National Archives and Records Administration
8601 Adelphi Road
College Park, Maryland, 20740-6001

# Exhibit 15

301-837-3642

On Mon, Aug 15, 2022 at 5:17 PM Jason Leopold <jasonleopold@gmail.com> wrote:
This is a request for records under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 and the Privacy Act, 5 U.S.C. § 552a. This request should be considered under both statutes to maximize the release of records.


REQUESTER INFORMATION

Name: Jason Leopold

Position: Investigative Reporter

Address: 1669 Benedict Canyon Dr., Beverly Hills, CA 90210

Email: jasonleopold@gmail.com

I request disclosure from NARA the following records:


1. Copies of all letters and Questions for the Record sent to NARA from members of Congress or Congressional committees mentioning or referring to presidential records, presidential records act, Donald Trump, classified records, Mar-a-Lago, FBI,  Department of Justice, Merrick Garland.


2, Responses NARA sent to any of the letters and Questions for the Record.


The timeframe for this request is April 1, 2022 through the date the search for responsive records is conducted.


EXPEDITED PROCESSING

The circumstances surrounding the FBI search of the former president's Mar-A-Lago residence last week to recover documents, some marked as top secret and classified, is unprecedented in our nation's modern history. The decisions that led to the search have dominated the news cycle for the past week and have raised important questions about the government's decision making process that led to it as well as what the various government agencies, such as NARA, in facilitating this unprecedented decision and the responses to numerous inquiries from lawmakers, the public and journalists that have followed. These records are needed on an urgent, expedited basis so that I may inform the public about actual government activity about this matter.


As senior investigative reporter at Bloomberg News, I am a full-time member of the news media. I therefore qualify as a person primarily engaged in disseminating information. The very purpose of the FOIA is to lessen the public's dependency on official government statements and open the underlying documents to public scrutiny. This is clearly an instance in which expedited processing of a FOIA request is warranted. These records are not being requested for commercial purposes. I intend to use these records to write news stories and inform the public.

I certify the foregoing to be true and correct to the best of my knowledge and belief.
_/s/_____JL_____ Jason Leopold


Reasonably Foreseeable Harm.  The FOIA Improvement Act of 2016 amended the FOIA as follows (5 USC 552(a)(8)):

(A) An agency shall—

(i) withhold information under this section only if—

(I) the agency reasonably foresees that disclosure would harm an interest protected by an exemption described in subsection (b); or

(II) disclosure is prohibited by law; and

(ii) (I) consider whether partial disclosure of information is possible whenever the agency determines that a full disclosure of a requested record is not possible; and

(II) take reasonable steps necessary to segregate and release nonexempt information. . . .

NARA and its components should not fail to comply with this mandatory part of the FOIA as recently amended by Congress. The Agency is required to identify what reasonably foreseeable harm would flow from release of the information withheld, nor did it consider a partial disclosure of the information, taking reasonable steps to segregate and release nonexempt information.

INSTRUCTIONS REGARDING SEARCH (for purposes of this search NARA components" refers to the components within NARA that have been identified as having responsive records)


1.     Instructions Regarding "Leads":

As required by the relevant case law, the NARA should follow any leads it discovers during the conduct of its searches and perform additional searches when said leads indicate that records may be located in another system.  Failure to follow clear leads is a violation of FOIA.


2.     Request for Public Records:

Please search for any records even if they are already publicly available.


3.     Request for Electronic and Paper/Manual Searches:

I request that searches of all electronic and paper/manual indices, filing systems, and locations for any and all records relating or referring to the subject of my request be conducted.


4.     Request for Search of Filing Systems, Indices, and Locations:

I request that the NARA search all of its offices and components, which are likely to contain responsive records.

5.     Request regarding Photographs and other Visual Materials:

I request that any photographs or other visual materials responsive to my request be released to me in their original or comparable forms, quality, and resolution. For example, if a photograph was taken digitally, or if the NARA maintain a photograph digitally, I request disclosure of the original digital image file, not a reduced resolution version of that image file nor a printout and scan of that image file. Likewise, if a photograph was originally taken as a color photograph, I request disclosure of that photograph as a color image, not a black and white image. Please contact me for any clarification on this point.

6.     Request for Duplicate Pages:

I request disclosure of any and all supposedly "duplicate" pages. Scholars analyze records not only for the information available on any given page, but also for the relationships between that information and information on pages surrounding it. As such, though certain pages may have been previously released to me, the existence of those pages within new context renders them functionally new pages. As such, the only way to properly analyze released information is to analyze that information within its proper context. Therefore, I request disclosure of all "duplicate" pages.

7.     Request to Search Emails:

Please search for emails relating to the subject matter of my request.

8.     Request for Search of Records Transferred to Other Agencies:

I request that in conducting its search, the NARA disclose releasable records even if they are available publicly through other sources outside the NARA components, such as NARA.

9.     Regarding Destroyed Records

If any records responsive or potentially responsive to my request have been destroyed, my request includes, but is not limited to, any and all records relating or referring to the destruction of those records. This includes, but is not limited to, any and all records relating or referring to the events leading to the destruction of those records.

INSTRUCTIONS REGARDING SCOPE AND BREADTH OF REQUESTS

Please interpret the scope of this request broadly. The NARA is instructed to interpret the scope of this request in the most liberal manner possible short of an interpretation that would lead to a conclusion that the request does not reasonably describe the records sought.

FORMAT

I request that any releases stemming from this request be provided to me in digital format (soft-copy) on a compact disk or other like media.

FEE CATEGORY AND REQUEST FOR A FEE WAIVER

I am the senior investigative reporter for Bloomberg News and formerly investigative reporter for BuzzFeed News and formerly senior investigative reporter and on-air correspondent for VICE News.

Additionally, my reporting has been published in The Guardian, The Wall Street Journal, The Financial Times, Salon, CBS Marketwatch, The Los Angeles Times, The Nation, Truthout, Al Jazeera English and Al Jazeera America.

I request a complete waiver of all search and duplication fees. If my request for a waiver is denied, I request that I be considered a member of the news media for fee purposes.

Under 5 U.S.C. §552(a)(4)(A)(iii), "Documents shall be furnished without any charge ... if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." Disclosure in this case meets the statutory criteria, as the records sought to detail the operations and activities of government. This request is also not primarily in my commercial request, as I am seeking the records as a journalist to analyze and freely release to members of the public.

If I am not granted a complete fee waiver, I request to be considered a member of the news media for fee purposes. I am willing to pay all reasonable duplication expenses incurred in processing this FOIA request.

**I will appeal any denial of my request for a waiver administratively and to the courts if necessary.**


--
Jason Leopold
Senior Investigative Reporter
Bloomberg News
213 270 4334 (signal)
jasonleopold@protonmail.com (secure/encrypted)
@jJasonLeopold



## NATIONAL ARCHIVES

<u>**Sent via Email<jasonleopold@gmail.com>**</u>

September 22, 2022

Jason Leopold
Investigative Reporter
Bloomberg News
1669 Benedict Canyon Dr.
Beverly Hills, CA 90210
jasonleopold@gmail.com
jasonleopold@protonmail.com

RE: Freedom of Information Act Request NGC22-756

Dear Jason Leopold:

This is in response to your request dated August 15, 2022, for expedited processing of your Freedom of Information Act (FOIA) request assigned internal tracking number NGC22-756. Your request was received by NARA's Office of General Counsel via foia@nara.gov on the same day.  It seeks records related to NARA's efforts to retrieve Presidential records stored at former President Donald Trump's residence at Mar-A-Lago.

NARA processes FOIA requests on an expedited basis if it is determined that the request meets one or more of the following criteria described in its FOIA Regulation, at 36 C.F.R. § 1250.28(a):

(1) A reasonable expectation of an imminent threat to an individual's life or physical safety;

(2) A reasonable expectation of an imminent loss of a substantial due process right;

(3) An urgent need to inform the public about an actual or alleged Federal Government activity (this criterion applies only to those requests made by a person primarily engaged in disseminating information to the public); or

(4) A matter of widespread and exceptional media interest in which there exist possible questions that affect public confidence in the Government's integrity.

**Exhibit 16**

After carefully reviewing your request, we have determined that expedition is warranted under 36 C.F.R. § 1250.28(a)(3). Your request has been added to NARA's expedited queue. We will process your request as soon as practicable and will let you know when we have any further updates.

Sincerely,

*Joseph A. Scanlon*

Joseph A. Scanlon
FOIA & Privacy Act Officer
Office of General Counsel
National Archives and Records Administration