**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JASON LEOPOLD, *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 22-3009 (JMC) |
| | ) | |
| v. | ) | |
| | ) | |
| U.S. DEPARTMENT OF JUSTICE, *et al* | ) | |
| | ) | |
| Defendants. | ) | |

<u>**DECLARATION OF JASON LEOPOLD**</u>

I, Jason Leopold, make the following declaration.

1.      I am over the age of 18 and competent to provide this declaration.

2.      The following statements are made on my personal and professional knowledge and, if sworn as a witness, I can testify competently thereto.

3.      I am a Senior Investigative Reporter at Bloomberg News. I submitted the FOIA requests in this case on behalf of myself and Bloomberg L.P. to report on former President Trump's removal of documents from the White House to his private residence at Mar-a-Lago when he left office, including documents marked classified.

4.      On August 11, 2022, Attorney General Garland acknowledged that the FBI had executed a search warrant on Donald Trump's home earlier that week.  His oral remarks are available at the following website: https://abcnews.go.com/Politics/read-merrick-garlands-full-remarks-fbis-search-trumps/story?id=88257832.

5.      The search warrant authorized the FBI to seize "physical documents with classification markings" as evidence of possible violations of 18 U.S.C. §§ 793, 2071, and 1519.

6.     The FBI in fact seized many documents with classification markings while executing the search warrant.

7.     In the days following the execution of the search warrant, former President Trump and his associates claimed that the documents with classification markings were not in fact classified because Mr. Trump had declassified them while President.

8.     In particular, Mr. Trump's office reportedly issued a statement that Mr. Trump "had a standing order that documents removed from the Oval Office and taken into the residence were deemed to be declassified."  The news article first reporting the statement is John Solomon, New twist in FBI raid: Trump had 'standing order' to declassify documents taken to residence, *Just the News* (Aug. 13, 2022), https://justthenews.com/politics-policy/all-things-trump/breaking-trump-describes-process-how-he-declassified-documents?utm_source=sf&utm_medium=social&utm_campaign=twjs.

9.     On August 31, 2022, Mr. Trump posted on Truth Social that he had declassified the documents.  A true and correct copy of this post is attached as Exhibit A.

10.     The Standing Order, if it exists, has not been made public.

11.     To inform the public about whether Mr. Trump had, in fact, declassified the documents the FBI removed from Mar-a-Lago, I filed FOIA requests with agencies that, if the Standing Order existed, would have likely have come to possess it in the ordinary course of business: the Office of the Director of National Intelligence ("ODNI"), various DOJ entities (not including the FBI) whose FOIA responses are administered by its Office of Information Policy ("OIP"), and the DOJ's National Security Division ("NSD").  Each request also requested expedited processing given the public's urgent need to learn about the existence and contents of the Standing Order.  A true and correct copy of the ODNI request is attached as Exhibit B.  A true

and correct copy of the OIP request is attached as Exhibit C.  A true and correct copy of the NSD request is attached as Exhibit D.

      12.     Each agency granted expedited processing.  A true and correct copy of the ODNI expedited processing grant is attached as Exhibit E.  A true and correct copy of the OIP expedited processing grant is attached as Exhibit F.  A true and correct copy of the NSD expedited processing grant is attached as Exhibit G.

      13.     None of the agencies processed the requests within 20 business days or by the time I filed this action on October 5, 2022.

      14.     Each agency has since issued a *Glomar* response refusing to confirm or deny their possession of the Standing Order.  The agencies have made identical arguments for their responses: that their acknowledging their possession or non-possession of the Standing Order would interfere with unacknowledged aspects of an FBI investigation.  A true and correct copy of ODNI's *Glomar* response is attached as Exhibit H.  A true and correct copy of OIP's *Glomar* response is attached as Exhibit I.  A true and correct copy of NSD's *Glomar* response is attached as Exhibit J.

      15.     In response to FOIA requests by another requester, the Department of Homeland Security ("DHS") and the National Geospatial-Intelligence Agency have acknowledged that they do not possess the Standing Order.  A true and correct copy of DHS's acknowledgment is attached as Exhibit K.  A true and correct copy of NGA's acknowledgment is attached as Exhibit L.

      I declare under penalty of perjury that the foregoing is true and correct.  Executed on March 27__, 2023.

Jason Leopold

Jason Leopold

 **TRUTH.**    Log in    Sign up

Exhibit A

← **@realDonaldTrump's post**

 **Donald J. Trump** ✓
@realDonaldTrump · Aug 31, 2022

Terrible the way the FBI, during the Raid of Mar-a-Lago, threw documents haphazardly all over the floor (perhaps pretending it was me that did it!), and then started taking pictures of them for the public to see. Thought they wanted them kept Secret? Lucky I Declassified!

**11.8k** ReTruths    **42.7k** Likes                          Aug 31, 2022, 7:38 AM

○ Reply          ⇄ ReTruth          ♡ Like          ↑          •••

## Continue the conversation
Join Truth Social to get the full story and details.

Log in

Sign up

## Truth Social uses cookies

Truth Social uses session cookies to help provide you with a fast and consistent user experience. These cookies are essential for the Truth Social service to work as intended. Truth Social also employs a third-party cookie to protect its website from harmful automated attacks.

Learn more          Accept

**Exhibit B**

---------- Forwarded message ---------
From: **DNI-FOIA** <DNI-FOIA@dni.gov>
Date: Mon, Aug 22, 2022 at 12:39 PM
Subject: RE: RESUBMITTING Request for records under the Freedom of Information Act
To: jasonleopold@gmail.com <jasonleopold@gmail.com>
Cc: DNI-FOIA <DNI-FOIA@dni.gov>


Good afternoon, Mr. Leopold,


We will make note of the updated language to your request.


Thank you,


DNI-FOIA



**From:** Jason Leopold <jasonleopold@gmail.com>
**Sent:** Friday, August 19, 2022 10:22 PM
**To:** DNI-FOIA <DNI-FOIA@dni.gov>
**Subject:** RESUBMITTING Request for records under the Freedom of Information Act


**please note: I am resubmiting this request to change the word RECEIVED to HAD.



This is a request for records under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 and the Privacy Act, 5 U.S.C. § 552a. This request should be considered under both statutes to maximize the release of records. This request seeks expedited processing.


REQUESTER INFORMATION

Name: Jason Leopold

Position: Investigative Reporter

Address: 1669 Benedict Canyon Dr., Beverly Hills, CA 90210

Email: jasonleopold@gmail.com


I request disclosure from the Officer of the Director of National Intelligence the following records:

1. A copy of the "standing order" that former President Trump had while he was still president that authorized him to take sensitive or classified records from the Oval Office to his residence. To be clear, once these sensitive or classified records were removed from the Oval Office the records were deemed to be declassified.

In a statement issued to the website Just The News on Friday, August 12, the Office of Donald Trump said:

"He had a standing order that documents removed from the Oval Office and taken into the residence were deemed to be declassified," the statement added. "The power to classify and declassify documents rests solely with the President of the United States. The idea that some paper-pushing bureaucrat, with classification authority delegated BY THE PRESIDENT, needs to approve of declassification is absurd."
https://justthenews.com/politics-policy/all-things-trump/breaking-trump-describes-process-how-he-declassified-documents

The context for this statement is that the presidential records retrieved from Mar-A-Lago by FBI this week was already declassified. As the custodian of former President Trump's presidential records, NARA would be aware of this "standing order" and would also have a copy of this record.

EXPEDITED PROCESSING

The circumstances surrounding the FBI search of the former president's Mar-A-Lago residence this week is unprecedented in our nation's modern history. The unsealing of the search warrant and property records receipt documenting what the FBI removed makes it clear and states explicitly that some of the records were classified top secret/sensitive compartmented information. The unsealing also makes clear that federal prosecutors are exploring possible violations of the federal Espionage Act among other allegations. These historic disclosures have dominated the news. Now, former President Trump has said he had the right to possess these records and they were in fact already declassified. If such a standing order exists it stands to reason that ODNI would be aware of it and would have a copy of it. There is a clear overwhelming public interest in this matter and now with this statement issued it is crucial that if any standing order exists that it be released as soon as poss ble so I can inform the public about what the document says.

As senior investigative reporter at Bloomberg News, I am a full-time member of the news media. I therefore qualify as a person primarily engaged in disseminating information. The very purpose of the FOIA is to lessen the public's dependency on official government statements and open the underlying documents to public scrutiny. This is clearly an instance in which expedited processing of a FOIA request is warranted. These records are not being requested for commercial purposes. I intend to use these records to write news stories and inform the public.

I certify the foregoing to be true and correct to the best of my knowledge and belief. _/s/_____JL_____ Jason Leopold

Reasonably Foreseeable Harm.  The FOIA Improvement Act of 2016 amended the FOIA as follows (5 USC 552(a)(8)):

(A) An agency shall—

(i) withhold information under this section only if—

(I) the agency reasonably foresees that disclosure would harm an interest protected by an exemption described in subsection (b); or

(II) disclosure is proh bited by law; and

(ii) (I) consider whether partial disclosure of information is poss ble whenever the agency determines that a full disclosure of a requested record is not possible; and

(II) take reasonable steps necessary to segregate and release nonexempt information. . . .

DNI should not fail to comply with this mandatory part of the FOIA as recently amended by Congress. The Agency is required to identify what reasonably foreseeable harm would flow from release of the information withheld, nor did it consider a partial disclosure of the information, taking reasonable steps to segregate and release nonexempt information.

INSTRUCTIONS REGARDING SEARCH

1.    Instructions Regarding "Leads":

As required by the relevant case law, the DNI should follow any leads it discovers during the conduct of its searches and perform additional searches when said leads indicate that records may be located in another system.  Failure to follow clear leads is a violation of FOIA.

2.    Request for Public Records:

Please search for any records even if they are already publicly available.


3.     Request for Electronic and Paper/Manual Searches:

I request that searches of all electronic and paper/manual indices, filing systems, and locations for any and all records relating or referring to the subject of my request be conducted.


4.     Request for Search of Filing Systems, Indices, and Locations:

I request that the DNI search all of its offices and components, which are likely to contain responsive records.

5.     Request regarding Photographs and other Visual Materials:

I request that any photographs or other visual materials responsive to my request be released to me in their original or comparable forms, quality, and resolution. For example, if a photograph was taken digitally, or if the DNI maintains a photograph digitally, I request disclosure of the original digital image file, not a reduced resolution version of that image file nor a printout and scan of that image file. Likewise, if a photograph was originally taken as a color photograph, I request disclosure of that photograph as a color image, not a black and white image. Please contact me for any clarification on this point.


6.     Request for Duplicate Pages:

I request disclosure of any and all supposedly "duplicate" pages. Scholars analyze records not only for the information available on any given page, but also for the relationships between that information and information on pages surrounding it. As such, though certain pages may have been previously released to me, the existence of those pages within new context renders them functionally new pages. As such, the only way to properly analyze released information is to analyze that information within its proper context. Therefore, I request disclosure of all "duplicate" pages.

7.     Request to Search Emails:

Please search for emails relating to the subject matter of my request.


8.     Request for Search of Records Transferred to Other Agencies:

I request that in conducting its search, the DNI disclose releasable records even if they are available publicly through other sources outside the DNI, such as NARA.


9.     Regarding Destroyed Records

If any records responsive or potentially responsive to my request have been destroyed, my request includes, but is not limited to, any and all records relating or referring to the destruction of those records. This includes, but is not limited to, any and all records relating or referring to the events leading to the destruction of those records.


INSTRUCTIONS REGARDING SCOPE AND BREADTH OF REQUESTS

Please interpret the scope of this request broadly. The DNI is instructed to interpret the scope of this request in the most liberal manner possible short of an interpretation that would lead to a conclusion that the request does not reasonably describe the records sought.


FORMAT


I request that any releases stemming from this request be provided to me in digital format (soft-copy) on a compact disk or other like media.

FEE CATEGORY AND REQUEST FOR A FEE WAIVER

I am the senior investigative reporter for Bloomberg News and formerly investigative reporter for BuzzFeed News and formerly senior investigative reporter and on-air correspondent for VICE News. Additionally, my reporting has been published in The Guardian, The Wall Street Journal, The Financial Times, Salon, CBS Marketwatch, The Los Angeles Times, The Nation, Truthout, Al Jazeera English and Al Jazeera America.


I request a complete waiver of all search and duplication fees. If my request for a waiver is denied, I request that I be considered a member

of the news media for fee purposes.

Under 5 U.S.C. §552(a)(4)(A)(iii), "Documents shall be furnished without any charge ... if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." Disclosure in this case meets the statutory criteria, as the records sought to detail the operations and activities of government. This request is also not primarily in my commercial request, as I am seeking the records as a journalist to analyze and freely release to members of the public.

If I am not granted a complete fee waiver, I request to be considered a member of the news media for fee purposes. I am willing to pay all reasonable duplication expenses incurred in processing this FOIA request.

**I will appeal any denial of my request for a waiver administratively and to the courts if necessary.**


--

Jason Leopold
Senior Investigative Reporter
Bloomberg News
213 270 4334 (signal)
jasonleopold@protonmail.com (secure/encrypted)
@jJasonLeopold

**Exhibit C**

August 17, 2022
FILED VIA DOJ FOIA Portal
The Attorney General Public Affairs
The Deputy Attorney GeneralLegal Policy
The Associate Attorney General
Information Policy
Legislative Affairs

I request disclosure from the Department of Justice the following records:

1. A copy of the "standing order" that former President Trump received while he was still president that authorized him to take sensitive or classified records from the Oval Office to his residence. To be clear, once these sensitive or classified records were removed from the Oval Office the records were deemed to be declassified.

In a statement issued to the website Just The News on Friday, August 12, the Office of Donald Trump said:

"He had a standing order that documents removed from the Oval Office and taken into the residence were deemed to be declassified," the statement added. "The power to classify and declassify documents rests solely with the President of the United States. The idea that some paper-pushing bureaucrat, with classification authority delegated BY THE PRESIDENT, needs to approve of declassification is absurd." https://justthenews.com/politics-policy/all-things-trump/breaking-trump-describes-process-how-he-declassified-documents

The context for this statement is that the presidential records retrieved from Mar-A-Lago by FBI this week was already declassified. As the custodian of former President Trump's presidential records, NARA would be aware of this "standing order" and would also have a copy of this record.

EXPEDITED PROCESSING

The circumstances surrounding the FBI search of the former president's Mar-A-Lago residence this week is unprecedented in our nation's modern history. The unsealing of the search warrant and property records receipt documenting what the FBI removed makes it clear and states explicitly that some of the records were classified top secret/sensitive compartmented information. The unsealing also makes clear that federal prosecutors are exploring possible violations of the federal Espionage Act among other allegations. These historic disclosures have dominated the news. Now, former President Trump has said he had the right to possess these records and they were in fact already declassified. If such a standing order exists it stands to reason that DOJ would be aware of it and would have a copy of it. There is a clear overwhelming public interest in this matter and now with this statement issued it is crucial that if any standing order exists that it be released as soon as possible so I can inform the public about what the document says.

As senior investigative reporter at Bloomberg News, I am a full-time member of the news media. I therefore qualify as a person primarily engaged in disseminating information. The very purpose of the FOIA is to lessen the public's dependency on official government statements and open the underlying documents to public scrutiny. This is clearly an instance in which expedited processing of a FOIA request is warranted. These records are not being requested for commercial purposes. I intend to use these records to write news stories and inform the public.

I certify the foregoing to be true and correct to the best of my knowledge and belief.
_/s/_____JL_____ Jason Leopold

Reasonably Foreseeable Harm. The FOIA Improvement Act of 2016 amended the FOIA as follows (5 USC 552(a)(8)):

(A) An agency shall--

(i) withhold information under this section only if--

(I) the agency reasonably foresees that disclosure would harm an interest protected by an exemption described in subsection (b); or

(II) disclosure is prohibited by law; and

(ii) (I) consider whether partial disclosure of information is possible whenever the agency determines that a full disclosure of a requested record is not possible; and

(II) take reasonable steps necessary to segregate and release nonexempt information. . . .

DOJ should not fail to comply with this mandatory part of the FOIA as recently amended by Congress. The Agency is required to identify what reasonably foreseeable harm would flow from release of the information withheld, nor did it consider a partial disclosure of the information, taking reasonable steps to segregate and release nonexempt information.

INSTRUCTIONS REGARDING SEARCH

1. Instructions Regarding "Leads":

As required by the relevant case law, the DOJ should follow any leads it discovers during the conduct of its searches and perform additional searches when said leads indicate that records

may be located in another system. Failure to follow clear leads is a violation of FOIA.

2. Request for Public Records:

Please search for any records even if they are already publicly available.

3. Request for Electronic and Paper/Manual Searches:

I request that searches of all electronic and paper/manual indices, filing systems, and locations for any and all records relating or referring to the subject of my request be conducted.

4. Request for Search of Filing Systems, Indices, and Locations:

I request that the DOJ search all of its offices and components, which are likely to contain responsive records.

5. Request regarding Photographs and other Visual Materials:

I request that any photographs or other visual materials responsive to my request be released to me in their original or comparable forms, quality, and resolution. For example, if a photograph was taken digitally, or if the DOJ maintains a photograph digitally, I request disclosure of the original digital image file, not a reduced resolution version of that image file nor a printout and scan of that image file. Likewise, if a photograph was originally taken as a color photograph, I request disclosure of that photograph as a color image, not a black and white image. Please contact me for any clarification on this point.

6. Request for Duplicate Pages:

I request disclosure of any and all supposedly "duplicate" pages. Scholars analyze records not only for the information available on any given page, but also for the relationships between that information and information on pages surrounding it. As such, though certain pages may have been previously released to me, the existence of those pages within new context renders them functionally new pages. As such, the only way to properly analyze released information is to analyze that information within its proper context. Therefore, I request disclosure of all "duplicate" pages.

7. Request to Search Emails:

Please search for emails relating to the subject matter of my request.

8. Request for Search of Records Transferred to Other Agencies:

I request that in conducting its search, the DOJ disclose releasable records even if they are available publicly through other sources outside the DOJ, such as NARA.

9. Regarding Destroyed Records

If any records responsive or potentially responsive to my request have been destroyed, my request includes, but is not limited to, any and all records relating or referring to the destruction of those records. This includes, but is not limited to, any and all records relating or referring to the events leading to the destruction of those records.

INSTRUCTIONS REGARDING SCOPE AND BREADTH OF REQUESTS

Please interpret the scope of this request broadly. The DOJ is instructed to interpret the scope of this request in the most liberal manner possible short of an interpretation that would lead to a conclusion that the request does not reasonably describe the records sought.

**Exhibit D**

---

## DOJ NSD standing order MAL

---

From: **Jason Leopold** <jasonleopold@gmail.com>
Date: Fri, Aug 19, 2022 at 2:42 PM
Subject: Request for records under the Freedom of Information Act
To: Mallory, Arnetta (NSD) <Arnetta.Mallory@usdoj.gov>, NSDFOIA (NSD) <NSDFOIA@usdoj.gov>


This is a request for records under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 and the Privacy Act, 5 U.S.C. § 552a. This request should be considered under both statutes to maximize the release of records. This request seeks expedited processing.

REQUESTER INFORMATION

Name: Jason Leopold

Position: Investigative Reporter

Address: 1669 Benedict Canyon Dr., Beverly Hills, CA 90210

Email: jasonleopold@gmail.com


I request disclosure from the Department of Justice the following records:

1. A copy of the "standing order" that former President Trump had while he was still president that authorized him to take sensitive or classified records from the Oval Office to his residence. To be clear, once these sensitive or classified records were removed from the Oval Office the records were deemed to be declassified.

In a statement issued to the website Just The News on Friday, August 12, the Office of Donald Trump said:

"He had a standing order that documents removed from the Oval Office and taken into the residence were deemed to be declassified," the statement added. "The power to classify and declassify documents rests solely with the President of the United States. The idea that some paper-pushing bureaucrat, with classification authority delegated BY THE PRESIDENT, needs to approve of declassification is absurd." https://justthenews.com/politics-policy/all-things-trump/breaking-trump-describes-process-how-he-declassified-documents

The context for this statement is that the presidential records retrieved from Mar-A-Lago by FBI this week was already declassified. As the custodian of former President Trump's presidential records, NARA would be aware of this "standing order" and would also have a copy of this record.

EXPEDITED PROCESSING

The circumstances surrounding the FBI search of the former president's Mar-A-Lago residence this week is unprecedented in our nation's modern history. The unsealing of the search warrant and property records receipt documenting what the FBI removed makes it clear and states explicitly that some of the records were classified top secret/sensitive compartmented information. The unsealing also makes clear that federal prosecutors are exploring possible violations of the federal Espionage Act among other allegations. These historic disclosures have dominated the news. Now, former President Trump has said he had the right to possess these records and they were in fact

already declassified. If such a standing order exists it stands to reason that DOJ would be aware of it and would have a copy of it. There is a clear overwhelming public interest in this matter and now with this statement issued it is crucial that if any standing order exists that it be released as soon as possible so I can inform the public about what the document says.

As senior investigative reporter at Bloomberg News, I am a full-time member of the news media. I therefore qualify as a person primarily engaged in disseminating information. The very purpose of the FOIA is to lessen the public's dependency on official government statements and open the underlying documents to public scrutiny. This is clearly an instance in which expedited processing of a FOIA request is warranted. These records are not being requested for commercial purposes. I intend to use these records to write news stories and inform the public.

I certify the foregoing to be true and correct to the best of my knowledge and belief.
_/s/_____JL_____ Jason Leopold

Reasonably Foreseeable Harm. The FOIA Improvement Act of 2016 amended the FOIA as follows (5 USC 552(a)(8)):

(A) An agency shall--

(i) withhold information under this section only if--

(I) the agency reasonably foresees that disclosure would harm an interest protected by an exemption described in subsection (b); or

(II) disclosure is prohibited by law; and

(ii) (I) consider whether partial disclosure of information is possible whenever the agency determines that a full disclosure of a requested record is not possible; and

(II) take reasonable steps necessary to segregate and release nonexempt information. . . .

DOJ should not fail to comply with this mandatory part of the FOIA as recently amended by Congress. The Agency is required to identify what reasonably foreseeable harm would flow from release of the information withheld, nor did it consider a partial disclosure of the information, taking reasonable steps to segregate and release nonexempt information.

INSTRUCTIONS REGARDING SEARCH

1. Instructions Regarding "Leads":

As required by the relevant case law, the DOJ should follow any leads it discovers during the conduct of its searches and perform additional searches when said leads indicate that records may be located in another system. Failure to follow clear leads is a violation of FOIA.

2. Request for Public Records:

Please search for any records even if they are already publicly available.

3. Request for Electronic and Paper/Manual Searches:

I request that searches of all electronic and paper/manual indices, filing systems, and locations for any and all records relating or referring to the subject of my request be conducted.

4. Request for Search of Filing Systems, Indices, and Locations:

I request that the DOJ search all of its offices and components, which are likely to contain responsive records.

5. Request regarding Photographs and other Visual Materials:

I request that any photographs or other visual materials responsive to my request be released to me in their original or comparable forms, quality, and resolution. For example, if a photograph was taken digitally, or if the DOJ maintains a photograph digitally, I request disclosure of the original digital image file, not a reduced resolution version of that image file nor a printout and scan of that image file. Likewise, if a photograph was originally taken as a color photograph, I request disclosure of that photograph as a color image, not a black and white image. Please contact me for any clarification on this point.

6. Request for Duplicate Pages:

I request disclosure of any and all supposedly "duplicate" pages. Scholars analyze records not only for the information available on any given page, but also for the relationships between that information and information on pages surrounding it. As such, though certain pages may have been previously released to me, the existence of those pages within new context renders them functionally new pages. As such, the only way to properly analyze released information is to analyze that information within its proper context. Therefore, I request disclosure of all "duplicate" pages.

7. Request to Search Emails:

Please search for emails relating to the subject matter of my request.

8. Request for Search of Records Transferred to Other Agencies:

I request that in conducting its search, the DOJ disclose releasable records even if they are available publicly through other sources outside the DOJ, such as NARA.

9. Regarding Destroyed Records

If any records responsive or potentially responsive to my request have been destroyed, my request includes, but is not limited to, any and all records relating or referring to the destruction of those records. This includes, but is not limited to, any and all records relating or referring to the events leading to the destruction of those records.

INSTRUCTIONS REGARDING SCOPE AND BREADTH OF REQUESTS

Please interpret the scope of this request broadly. The DOJ is instructed to interpret the scope of this request in the most liberal manner possible short of an interpretation that would lead to a conclusion that the request does not reasonably describe the records sought.

I am the senior investigative reporter for Bloomberg News and formerly investigative reporter for BuzzFeed News and formerly senior investigative reporter and on-air correspondent for VICE News. Additionally, my reporting has been published in The Guardian, The Wall Street Journal, The Financial Times, Salon, CBS Marketwatch, The Los Angeles Times, The Nation, Truthout, Al Jazeera English and Al Jazeera America.

I request a complete waiver of all search and duplication fees. If my request for a waiver is denied, I request that I be considered a member of the news media for fee purposes.

Under 5 U.S.C. §552(a)(4)(A)(iii), "Documents shall be furnished without any charge ... if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." Disclosure in this case meets the statutory criteria, as the records sought to detail the operations and activities of government. This request is

also not primarily in my commercial request, as I am seeking the records as a journalist to analyze and freely release to members of the public.

If I am not granted a complete fee waiver, I request to be considered a member of the news media for fee purposes. I am willing to pay all reasonable duplication expenses incurred in processing this FOIA request.

--
Jason Leopold
Senior Investigative Reporter
Bloomberg News
213 270 4334 (signal)
jasonleopold@protonmail.com (secure/encrypted)
@jJasonLeopold

OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE
WASHINGTON, DC

**Exhibit E**

August 19, 2022

Jason Leopold
1669 Benedict Canyon Dr.
Beverly Hills, CA  90210

Mr. Leopold:

This acknowledges receipt of your Freedom of Information Act (FOIA) request dated 15 August 2022 and received by the Office of the Director of National Intelligence (ODNI) on 16 August 2022, in which you requested: "*A copy of the "standing order" that former President Trump received while he was still president that authorized him to take sensitive or classified records from the Oval Office to his residence.*"

**Your request has been assigned ODNI tracking number DF-2022-00378 and your requests for a fee waiver and expedited processing have been granted.** We have initiated searches for the records you requested and are awaiting response.

To assist you with any aspect of your request you may contact the FOIA Public Liaison at dni-foia-liaison@dni.gov.  You may also contact the Office of Government Information Services (OGIS) of the National Archives and Records Administration to inquire about the mediation services they provide. OGIS can be reached at 8601 Adelphi Road, Room 2510, College Park, MD 20740-6001; telephone (202) 741-5770 or Toll-free (877) 684-6448; facsimile (202) 741-5769; or email at ogis@nara.gov.

If you have any questions, please contact our Requester Service Center at dni-foia@dni.gov or (703) 275-1313.

Sincerely,

*KCL for*

Greg Koch
Chief, Information Management Office
FOIA Public Liaison



**U.S. Department of Justice**

Office of Information Policy

*Sixth Floor*
*441 G Street, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

# Exhibit F

August 30, 2022

Jason Leopold
BuzzFeed News
1669 Benedict Canyon Drive
Beverly Hills, CA 90210          Re:  FOIA-2022-01765
jasonleopold@gmail.com               DRH:GMG

Dear Jason Leopold:

    This is to acknowledge receipt of your Freedom of Information Act (FOIA) request dated and received in this Office on August 17, 2022, in which you requested a copy of the "standing order" of former President Donald Trump automatically declassifying any classified material removed by him from the Oval Office.

    You have requested expedited processing of your request pursuant to the Department's standard involving "[a] matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence." See 28 C.F.R. § 16.5(e)(1)(iv) (2018).  Pursuant to Department policy, we directed your request to the Director of Public Affairs, who makes the decision whether to grant or deny expedited processing under this standard. See id. § 16.5(e)(2).  The Director has determined that your request for expedited processing should be granted.  Accordingly, your request has been assigned to an analyst in this Office and our processing of it has been initiated.

    Although your request has been granted expedited processing, we are required to advise you that the records you seek require a search in and/or consultation with another Office, and so your request falls within "unusual circumstances." See 5 U.S.C. 552 § (a)(6)(B)(i)-(iii) (2018). Accordingly, we have not yet completed a search to determine whether there are records within the scope of your request. The time needed to process your request will necessarily depend on the complexity of our records search and on the volume and complexity of any records located. Any decision with regard to the application of fees will be made only after we determine whether fees will be implicated for this request. Your request has been assigned to the expedited track and will be processed as soon as practicable.

    If you have any questions or wish to discuss reformulation or an alternative time frame for the processing of your request, you may contact the analyst handing your request, Georgianna Gilbeaux, by telephone at the above number or you may write to them at the above address.  You may contact our FOIA Public Liaison, Valeree Villanueva, for any further assistance and to discuss any aspect of your request at: Office of Information Policy, United

# Exhibit 4

-2-

States Department of Justice, Sixth Floor, 441 G Street, NW, Washington, DC 20530-0001; telephone at 202-514-3642, or by e-mail at: doj.oip.foia@usdoj.gov.

Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer.  The contact information for OGIS is as follows:  Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, MD 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

If you are not satisfied with my response to this request for expedited processing, you may administratively appeal by writing to the Director, Office of Information Policy, United States Department of Justice, Sixth Floor, 441 G Street, NW, Washington, DC 20530-0001, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal.  Your appeal must be postmarked or electronically submitted within ninety days of the date of my response to your request.  If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

Sincerely,

Douglas R. Hibbard
Chief, Initial Request Staff



**U.S. Department of Justice**                    **Exhibit G**

National Security Division

---

*Washington, D.C. 20530*

Jason Leopold                                    September 1, 2022
1669 Benedict Canyon Drive
Beverly Hills, CA 90210-2002
jasonleopold@gmail.com

                                    Re: FOIA/PA #22-332

Dear Mr. Leopold:

        This is to acknowledge your email dated August 19, 2022, for information pertaining to
A copy of the "standing order" that former President Trump had while he was still president
that authorized him to take sensitive or classified records from the Oval Office to his
residence.   Our FOIA office received your Freedom of Information Act request on August 19,
2022.

        Our policy is to process FOIA requests on a first-in, first-out basis.   Any searches
conducted in response to your request will be limited to the records of the National Security
Division.   Consistent with this policy, every effort will be made to respond to your request as
quickly as possible.   The actual processing time will depend upon the complexity of the request,
whether it involves sensitive or voluminous records, and whether consultations with other
agencies or agency components are appropriate.

        You may contact our Government Information Specialist, Kevin Tiernan, for any further
assistance and to discuss any aspect of your request at:

        U.S. Department of Justice
        Records and FOIA Unit
        3 Constitution Square
        175 N Street N.E. 12th Floor
        Washington, DC   20530
        (202) 233-0755

You also requested expedited processing of your request. You requested expedited treatment pursuant to the fourth standard enumerated in the Department of Justice's regulations. Expedited treatment pursuant to the first standard will be granted where not doing so "could reasonably be expected to pose an imminent threat to the life or physical safety of an individual." 5 U.S.C. § 552(a)(6)(E)(v)(I). See also 28 C.F.R. § 16.5(e)(1)(i) (2019). Under the second standard, you must show that there is "[a]n urgency to inform the public about an actual or alleged Federal Government activity, if made by a person primarily engaged in disseminating information." 5 U.S.C. § 552(a)(6)(E)(v)(II). See also 28 C.F.R. § 16.5(e)(1)(ii) (2019). Under the third standard, you must show that the request involves "[t]he loss of substantial due process rights." 28 C.F.R. § 16.5(e)(1)(iii) (2019). Under the fourth standard, you must show that the subject matter of your request is a "matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence." Id. at § 16.5(e)(1)(iv). This Office makes determinations regarding the first three standards, while the Department's Director of Public Affairs makes determinations regarding the fourth standard. See id. at § 16.5(e)(2).

The fourth standard requires you must show that the subject matter of your request is a "matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence." Id. at § 16.5(e)(1)(iv).

Based on the information you have provided it has determined that you have satisfied the requirement under the fourth standard and thereby your request for expedited processing has been granted.

Please be advised that, your request has been assigned to a Government Information Specialist on the DOJ's National Security Division Records and FOIA staff and a further update regarding your request will be provided to you as soon as practicable.

Sincerely,

*Arnetta Mallory*

Arnetta Mallory
Government Information Specialist

OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE
WASHINGTON, DC

**Exhibit H**

January 13, 2023

Jason Leopold
1669 Benedict Canyon Dr.
Beverly Hills, CA 90210

Reference: Litigation Civil Action No. 22-cv-03009; ODNI FOIA Case DF-2022-00378

Mr. Leopold,

This is a response provided by the Office of the Director of National Intelligence (ODNI) to your Freedom of Information Act (FOIA) request dated 15 August 2022, in which you requested "*A copy of the 'standing order' that former President Trump had while he was still president that authorized him to take sensitive or classified records from the Oval Office to his residence.*" Note, the request was processed using the updated language provided to ODNI by you on 19 August 2022.

This request was processed under the FOIA, 5 U.S.C. § 552, as amended.

In coordination with the Federal Bureau of Investigation (FBI), a federal law enforcement agency, we can neither confirm nor deny whether we possess records responsive to your request pursuant to FOIA Exemption (b)(7)(A) [5 U.S.C.§552 (b)(7)(A)]. A confirmation that we have or do not have responsive records would be tantamount to acknowledging the existence or nonexistence of aspects of an ongoing investigation that the FBI has not previously acknowledged. The FBI has advised that 1) if the requested records exist, they would be relevant to the FBI's ongoing investigation and 2) confirmation by ODNI as to the existence or nonexistence of such records could reasonably be expected to interfere with the ongoing investigation. Accordingly, ODNI neither confirms nor denies the existence of records pursuant to FOIA Exemption (b)(7)(A) [5 U.S.C.§552 (b)(7)(A)].

Please direct any further inquiries about this case to Attorney Julia Heiman of the Department of Justice at (202) 616-8480 or via e-mail at Julia.heiman@usdoj.gov.

Although your request is in litigation, the FBI is required by law to provide you the following information:

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by emailing the FBI's FOIA Public Liaison at foipaquestions@fbi.gov. The subject heading should clearly state "Dispute Resolution Services." Please also cite the FOIPA Request Number assigned to your request so it may be easily identified. You may also contact the Office of Government Information Services (OGIS). The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

Gregory Koch
Chief, Information Management Office
FOIA Public Liaison



**U.S. Department of Justice**
Office of Information Policy
*Sixth Floor*
*441 G Street, NW*
*Washington, DC  20530-0001*

*Telephone: (202) 514-3642*                              **Exhibit I**

February 3, 2023

Jason Leopold
Bloomberg News
1669 Benedict Canyon Drive                    Re:    FOIA-2022-01765
Beverly Hills, CA 90210                                22-cv-3009 (D.D.C.)
jasonleopold@gmail.com                                 VRB:JMB:SJD

Dear Jason Leopold:

        This responds to your Freedom of Information Act (FOIA) request, dated August 17,
2022 in which you requested a "copy of the 'standing order' that former President Trump
received while he was still president that authorized him to take sensitive or classified records
from the Oval Office to his residence."

        In coordination with the Federal Bureau of Investigation (FBI), a law enforcement
component of the Department of Justice, we can neither confirm nor deny whether we possess
records responsive to your request pursuant to FOIA Exemption (b)(7)(A), 5 U.S.C.§552
(b)(7)(A).  A confirmation that we have or do not have responsive records would be
tantamount to acknowledging the existence or nonexistence of records the FBI has not
previously acknowledged.  The FBI has advised that (1) if the requested record exists, it would
be relevant to the FBI's ongoing investigation, and (2) confirmation by the Department as to
the existence or nonexistence of the record specified in your request could reasonably be
expected to interfere with the ongoing investigation.  Accordingly, OIP neither confirms nor
denies the existence of this record pursuant to FOIA Exemption (b)(7)(A), 5 U.S.C.§552
(b)(7)(A).

        For your information, Congress excluded three discrete categories of law enforcement
and national security records from the requirements of the FOIA.  See 5 U.S.C. § 552(c)
(2018).  This response is limited to those records that are subject to the requirements of the
FOIA.  This is a standard notification that is given to all our requesters and should not be taken
as an indication that excluded records do, or do not, exist.

-2-

If you have any questions regarding this response, please contact Julia Heiman of the Department's Civil Division, Federal Programs Branch at (202) 616-8480.

Sincerely,

Vanessa R. Brinkmann
Senior Counsel

**Exhibit J**

**U.S. Department of Justice**

National Security Division

*Washington, D.C. 20530*

Mr. Jason Leopold
Buzzfeed News
1669 Benedict Canyon Drive
Beverly Hills, CA 90210                    January 11, 2023

Via e-mail to: jasonleopold@gmail.com       Re:  FOIA/PA 22-332
                                            22-cv-3009

Dear Mr. Leopold:

   This is our final response to your enclosed Freedom of Information Act (FOIA) request dated August 19, 2022. We had assigned your request the following number for tracking: NSD 22-332.

   In coordination with the Federal Bureau of Investigation (FBI), a federal law enforcement agency, we can neither confirm nor deny whether we possess records responsive to your request pursuant to FOIA Exemption (b)(7)(A) [5 U.S.C.§552 (b)(7)(A)].   A confirmation that we do or do not have responsive records would be tantamount to acknowledging the existence or nonexistence of aspects of an ongoing investigation that the FBI has not previously acknowledged. The FBI has advised that: 1) if the requested records exist, they would be relevant to the FBI's ongoing investigation; and 2) confirmation by the National Security Division as to the existence or nonexistence of such records could reasonably be expected to interfere with the ongoing investigation.   Accordingly, we can neither confirms nor deny the existence of records pursuant to FOIA Exemption (b)(7)(A) [5 U.S.C.§552 (b)(7)(A)].

   As this matter is already in litigation, we are omitting our standard appeal paragraph. If you have any questions concerning this response, please contact Julia Heiman, Senior Counsel, of the Federal Programs Branch in the Civil Division of the U.S. Department of Justice at julia.heiman@usdoj.gov.

                              Sincerely,

                              KEVIN       Digitally signed by
                                          KEVIN TIERNAN
                              TIERNAN      Date: 2023.01.11
                                          09:43:03 -05'00'

                              Kevin G. Tiernan
                              Records and FOIA

enclosure

**U.S. Department of Homeland Security**
Washington, DC 20528

# Exhibit K



**Homeland Security**

*Privacy Office, Mail Stop 0655*

September 12, 2022

Dan McFadden
American Civil Liberties Union of Massachusetts
211 Congress Street
Boston, MA 02110

Re:  **2022-HQFO-01539**

Dear Dan McFadden:

This is the [electronic] final response to your Freedom of Information Act (FOIA) request to the Department of Homeland Security (DHS), dated August 15, 2022, and received by this office on August 15, 2022.  You are seeking 1. The Alleged Declassification Standing Order.
2. Any written transmittal of the Alleged Declassification Standing Order from the Executive Office of the President of the United States to DHS, including by letter, memoranda, or email.
3. All records created by DHS that were declassified pursuant to the Alleged Declassification Standing Order..

We conducted a comprehensive search of files within the The Office of the Executive Secretary (ESEC) and the Office of the Chief Information Officer (OCIO) for records that would be responsive to your request.  Unfortunately, we were unable to locate or identify any responsive records.

While an adequate search was conducted, you have the right to appeal this determination that no records exist within OCIO or ESEC that would be responsive to your request.  Should you wish to do so, you must send your appeal and a copy of this letter, within 90 days of the date of this letter, to:  Privacy Office, Attn: FOIA Appeals, U.S. Department of Homeland Security, 2707 Martin Luther King Jr. Avenue, SE, Mail Stop 0655, Washington, D.C. 20528-0655, following the procedures outlined in the DHS FOIA regulations at 6 C.F.R. Part 5 § 5.5(e)(2).  Your envelope and letter should be marked "FOIA Appeal."  Copies of the FOIA and DHS FOIA regulations are available at www.dhs.gov/foia.

If you need any further assistance or would like to discuss any aspect of your request, please contact the analyst below who processed your request and refer to **2022-HQFO-01539**.
You may send an e-mail to foia@hq.dhs.gov, call 202-343-1743 or toll free 1-866-431-0486, or you may contact our FOIA Public Liaison in the same manner.  Additionally, you have a right to right to seek dispute resolution services from the Office of Government Information Services (OGIS) which mediates disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation.  If you are requesting access to your own records (which is

considered a Privacy Act request), you should know that OGIS does not have the authority to handle requests made under the Privacy Act of 1974. You may contact OGIS as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Provisions of FOIA allow DHS to charge for processing fees, up to $25, unless you seek a waiver of fees. In this instance, because the cost is below the $25 minimum, there is no charge.


Sincerely,

Jimmy Wolfrey
Senior Director, FOIA Operations and Management (Acting)

**Exhibit L**



**NATIONAL GEOSPATIAL-INTELLIGENCE AGENCY**

7500 GEOINT Drive
Springfield, Virginia 22150

**NGA-2022-FOIA-00055**

September 8, 2022

Mr. Daniel L. McFadden
Staff Attorney
ACLU Foundation of Massachusetts
dmcfadden@aclum.org

RE: Freedom of Information Act (FOIA) Request **NGA-2022-FOIA-00055**

Dear Mr. Daniel L. McFadden:

This letter is in response to your Freedom of Information Act (FOIA) request, submitted to the National Geospatial-Intelligence Agency (NGA) dated 15 August 2022, in which you requested: *"ACLUM requests that the National Geospatial-Intelligence Agency ("NGA") produce the following records:*

*1. The Alleged Declassification Standing Order.*
*2. Any written transmittal of the Alleged Declassification Standing Order from the Executive Office of the President of the United States to NGA, including by letter, memoranda, or email.*
*3. All records created by NGA that were declassified pursuant to the Alleged Declassification Standing Order.*
*For Requests 1 & 2, please provide all responsive records from January 20, 2017, through*
*January 20, 2021.*
*For Request 3, please provide all responsive records declassified from January 20, 2017, through*
*January 20, 2021."*

Our extensive search of National Geospatial-Intelligence Agency records failed to identify any documents in our files that are responsive to your request.

If you consider this **no-record** response to be a denial of your request, you may appeal our determination in writing. Appeals to this determination should be made in writing within 90 calendar days from the date of this letter. In the appeal, you should reference FOIA case **NGA-2022-FOIA-00055** detailing your reasons for reconsideration and include a copy of this letter. Your appeal should be mailed to the National Geospatial-Intelligence Agency, FOIA/Privacy Act Program Office, Mail Stop N22-SISM, 7500 GEOINT Drive, Springfield, VA 22150.

**Mr. Daniel L. McFadden**
**NGA-2022-FOIA-00055**
**Page 2**

If you have any questions or concerns regarding this request, please contact Charles Melton, Branch Chief, FOIA/PA & Declass Management Program, SISM at 571-557-4141, or via e-mail, at FOIANGA@nga.mil. Additionally, the NGA FOIA Public Liaison is available to you at 571-558-8286 for any concerns or disputes you may have related to your FOIA request.

Finally, you may also seek information and resolution regarding your request through the Office of Government Information Services (OGIS) at (202) 741-5770 or via email at ogis@nara.gov.

Sincerely,

*Augustus Simms*

Charles R. Melton
Branch Chief, FOIA/PA & Declass Management Program, SISMD